STATE *v.* LEVI M. ROBBINS and OLIVER OTIS.

Knox, 1876.—January 10, 1877.

*Indictment.*

When the statute makes two or more distinct acts connected with the same transaction, indictable, each of which represents a stage in the offense, they may be coupled in one count.

*Thus:* An indictment which avers that the defendant did compose and publish, and procure to be composed and published, is not bad for duplicity.

The insertion of the word "unlawfully," in an indictment, though not part of the statute description of the offense, does not vitiate it. It is to be regarded as surplusage.

In describing a statute offense in an indictment, it is sufficient, if words equivalent in meaning to those in the statute, or words of more general signification are used.

*Thus:* Where the word "willfully" is used in the statute, it will be sufficient if the word "maliciously" is employed in the indictment.

Malice implies willfulness.

ON EXCEPTIONS.

INDICTMENT, for libel.

The defendants demurred; the demurrer was overruled by the court; and the defendants alleged exceptions.

By consent of the county attorney, the defendants, in the event that the demurrer is overruled by the full court, shall have the right to plead anew.

The alleged errors in the indictment are stated in the arguments and in the opinion.

*A. S. Rice & O. G. Hall*, for the defendants.

I. No count in the indictment sufficiently describes a libel.

The statute sets out specially what acts constitute the offense, and covers the whole ground of the common law, which is therefore, by necessary implication repealed, and the offense becomes purely statutory. R. S., c. 129, § 1. *Com.* v. *Clap*, 4 Mass. 163, 167. *Bartlet* v. *King*, 12 Mass. 537, 545. *Towle* v. *Marrett*, 3 Maine, 22, 26. Bishop Stat. Crimes, § 389, *et seq*. *Com.* v. *Cooley*, 10 Pick. 37, 39.

An indictment upon a statute must state all the circumstances which constitute the definition of the offense in the act, so as to

bring the defendant precisely within it; and the description must be in the substantial words of the statute, or their equivalents in meaning. *State* v. *McKenzie*, 42 Maine, 392, 393. Bishop on Crim. Pro., § 360. Wharton's Crim. Law, § 364.

The statute defines a libel to be "the malicious defamation of a living person, made public by any printing, writing, sign, picture, representation, effigy, tending," etc.

The indictment alleges that the defendants "did compose and publish, and cause and procure to be composed and published in a certain public newspaper called the Rockland Opinion," which phrase is not the equivalent in meaning of any of the words set forth in the statute. *State* v. *Taylor*, 45 Maine, 322.

The statute further provides, in section two, for the "willful" publication of a "malicious" libel. Both words, therefore, are descriptive of the offense. But the indictment in each count, charges the offense to have been committed "unlawfully and maliciously," which are not equivalent in meaning. *State* v. *Hussey*, 60 Maine, 410.

The indictment is evidently drawn under the well known common law precedents, the county attorney not reflecting that they might be inapplicable to a statutory offense.

II. If the offense is sufficiently described, the indictment is bad for duplicity.

It charges in each count, that the defendants "did compose and publish, and cause and procure to be composed and published" the various libels recited.

At the common law it is not perfectly clear that the writer of libelous matter could be indicted, if he was not concerned in the publication. The familiar form of indictments of which this is a copy, was not open to the objection of duplicity, because but one offense was charged, which was proved by the publication alone, which was of the essence of the offense. 3 Greenl. on Ev., § 169.

But under the second section of our libel act, there are two offenses created : 1. The making, composing, dictating, writing or printing a libel, or directing or procuring it to be done. 2. The willfully publishing or circulating it, or knowingly and willfully aiding in doing either.

It is impossible to give any force or meaning to the first clause of the section without applying it expressly to one who has composed a libel, but has not been concerned in the publication; while the second clause applies to the publisher, who may or may not have been the composer.

The statute thus in express terms, creates two distinct and substantive offenses, where it is very doubtful if more than one existed before.

Under this statute the formal allegation in the common law precedent "composed, written and printed," which it was absolutely unnecessary to prove, becomes descriptive of an offense entirely distinct from the misdemeanor described in the second clause, and applicable only to a different class of offenders; thus the old precedent, supposed to set forth a single crime, now describes two.

The offenses created by this statute are of the same grade as well as nature. One cannot be included or merged in the other. They were intended for different people, and while one person may be convicted, on a proper indictment for both, he may also be convicted of either, although he may not have committed the other.

Take the case at bar as an illustration. There are two defendants, one the editor, the other the publisher of the paper. Is it not clearly competent for the jury, under this statute, to convict Mr. Otis, the editor, of the composition of the libels, and acquit him of the publication, if it should appear that he was not concerned in that; and also convict Mr. Robbins, the publisher, of the publication, and acquit him of the composition, if the testimony should so warrant?

The result would be conviction for two independent offenses joined in the same count. Such joinder is bad for duplicity. *State* v. *Smith*, 61 Maine, 386, 389.

*L. A. Emery*, attorney general for the state, after arguing the points raised by the exceptions, closed thus:

"Formerly the rule was, that on overruling a demurrer to an indictment for felony, the judgment should be to answer over,

while to an indictment for a misdemeanor, the judgment was final, more recently the latter rule has been adopted in all cases.

In this case the county attorney has agreed that if the 'demurrer is overruled by the full court,' the defendants shall have the right to plead over ; apparently this was done without the consent of the court ; it is doubted whether the county attorney had the power so to agree, and whether the judgment should not be final."

APPLETON, C. J. This is an indictment for a libel to which the defendants have demurred.

The indictment is upon R. S. 1871, c. 129, § 2, which is in these words : "Whoever makes, composes, ·dictates, writes or prints a libel; directs or procures it to be done ; willfully publishes or circulates it, or knowingly and willfully aids in doing either, shall be punished by imprisonment less than one year, and by fine not exceeding one thousand dollars."

The allegation in the indictment in each of the numerous counts is, that the defendants "unlawfully and maliciously did compose and publish, and cause and procure to be composed and published in a certain public newspaper, called the Rockland Opinion, a certain false, scandalous, and malicious and defamatory libel of and concerning," &c.

I. The objection is taken that the count is double and bad on demurrer. The true rule is thus stated by Wharton in his American Crim. Law, § 390 : "When a statute makes two or more distinct acts, connected with the same transaction, indictable, each one of which may be considered as representing a stage in the same offense, it has in many cases been ruled they may be coupled in one count." Here but one offense is charged. "An indictment," says Metcalf, J., in *Commonwealth* v. *Twitchell,* 4 Cush. 74, "which avers that the defendant 'did write and publish, and cause to be written and published,' a malicious libel, is not bad for duplicity. 2 Gabbett Crim. Law, 234. 3 Ch. Crim. L. (4th Am. ed.) 877, *et seq.*"

II. The word "unlawfully" is not in the statute, but its insertion in the indictment does not vitiate it. If the fact as stated be illegal, it is unnecessary to say it is unlawful. If it be legal, the stating it to be unlawful, will not make it so. The only case

when it may be necessary to use it, is where it is a part of a description of a statute offense; but it is not so here. It may be rejected as surplusage.

III. It is undoubtedly the safer course to follow the language of the statute in describing the offense charged in the indictment. But it has been repeatedly held that words equivalent in their meaning to those in the statute may be used. So, the use of words of more general signification, but clearly including in their meaning all that is embraced in the language of the statute has received in repeated instances, judicial sanction. But wherever there is a change of phraseology, and a word not in the statute is substituted in the indictment for one that is, and the word thus substituted is equivalent to the word used in the statute, or is of more extensive signification than, and includes it, the indictment will be sufficient. Thus, if the word knowingly be in the statute, and the word advisedly be substituted for it in the indictment, or the word willfully in the statute, and maliciously in the indictment, the words "advisedly" and "maliciously" not being in the statutes respectively, the indictment would be sufficient. 1 Wharton Am. Crim. Law, § 376. *Rex* v. *Fuller*, 1 B. & P. 180.

The words of the statute are not used. The indictment is under that portion of the section which prohibits the willfully publishing or circulating a libel. The indictment alleges a malicious publishing, not a willful publishing of the libel in question. A man may do an act willfully, and yet be free of malice. But he cannot do an act maliciously, without at the same time doing it willfully. The malicious doing of an act includes the willful doing of it. Malice includes intent and will.

This indictment, it should be borne in mind, is not for knowingly and willfully aiding in publishing a libel, but for willfully publishing or circulating it.        *Demurrer overruled.*

WALTON, DICKERSON, BARROWS, VIRGIN and PETERS, JJ., concurred.