### STATE *vs.* J. O. S. SKOLFIELD.

### Franklin.    Opinion December 23, 1893.

*Fish and Game.    Pleading.    Indictment.    "Unlawfully."    R. S., c. 40, § 49.*

The statute (R. S., c. 40, § 49) declares it illegal to "sell trout" during close time. The complaint alleges that the respondent on a certain day named "did sell trout" to a certain person named, the day of the sale being within close time. Both the statute and the complaint describe the offense in general terms. *Held;* that the complaint is good.

The complaint is not defective because it omits to aver that the act complained of does not fall under certain other statutes which make the taking and selling of trout permissible under certain conditions. There is no proviso or exception in the section on which the complaint is founded.

It is not a defect that the complaint does not allege that the act complained of was done "unlawfully." The insertion of the word unlawfully in an indictment or complaint is necessary when the statute uses it in describing the offense. But not necessary when, as here, the statute omits the word, but in its general terms declares the offense. Still, it is wise always to employ the word in charging the elements of an offense, because it negatives all legal cause of excuse for the act committed.

ON EXCEPTIONS.

The defendant was convicted before a trial justice in Franklin County upon the following complaint:

"A. M. Child, of Weld, in the county of Franklin, and State of Maine, in behalf of said State, on oath complains that J. O. S. Skolfield, of said Weld, did sell to Eben Newman, of

said Weld, trout, on the ninth day of April, A. D., 1892, at said Weld, against the peace of the State and contrary to the statute in such case made and provided."

Having appealed to this court where he was tried before a jury and found guilty, the defendant moved an arrest of judgment for the following reasons, viz :

1.   Because he says that the said complaint and the matter therein alleged, in the manner and form in which they are therein stated, are not sufficient in law for any judgment to be rendered thereon.

2.   No crime or offense is charged in the complaint.

3.   Every thing charged in the complaint may be true, and still the respondent may be innocent.

4.   The complaint does not allege by any apt words, that the act complained of was unlawful.

5.   The complaint does not allege that the trout were illegally caught.

6.   The complaint does not set forth whether the trout were blue-backed trout or other kind of trout.

7.   It does not appear from the complaint that the respondent was not legally engaged in the artificial culture and maintenance of fishes and did not sell trout from his own enclosed waters for cultivation and propagation.

8.   The complaint does not set forth where the trout were taken or caught.

The motion was overruled by the presiding justice and the defendant took exceptions.

*Geo. L. Rogers*, County Attorney, for the State.

*E. W. Whitcomb*, for defendant.

It does not appear which section of the statutes the complaint is intended to cover.   Hawk. v. 2, c. 25, § 57 ; *State* v. *Godfrey*, 24 Maine, 232 ; *State* v. *Benjamin*, 49 Vt. 101 ; *State* v. *Higgins*, 53 Vt. 191 ; *Com.* v. *Bean*, 11 Cush. 414 ; *Com.* v. *Hoye*, 11 Gray, 462 ; *Com.* v. *Strain*, 10 Met. 521.

If this complaint was intended to be founded upon R. S., c. 40, § 49, it is fatally defective in neither being expressed in the

words of that statute or its equivalent. That section specifically designates certain months of the year only as close time during which the act of selling trout is forbidden, thereby excepting the remaining months during which such act is lawful, but there is no allegation in the complaint that the time of the alleged sale was within the time when such an act was forbidden and unlawful; neither was there any allegation denying that the time of the alleged sale was during the open months when such sale would be lawful. All exceptions to the affirmative allegations of any one section of the statute should be traversed. *State* v. *Dodge*, 81 Maine, 391; *State* v. *Gurney*, 37 Maine, 149.

Nothing criminal is necessarily charged in the complaint. Every thing therein stated may be true and be consistent with the innocence of the respondent.

The law allowed him to sell trout at that time. R. S., c. 40, § 63; Public Laws, 1889, Chap. 204; *State* v. *Godfrey*, 24 Maine, 232; *State* v. *Lane*, 33 Maine, 536; *State* v. *Turnbull*, 78 Maine, 392, 395; *State* v. *Northfield*, 13 Vt. 565; *Moore* v. *Com.* 6 Met. 243; *Allen* v. *Young*, 76 Maine, 80.

The respondent may have sold trout in Weld at the time alleged in the complaint, but he is not charged with having done so unlawfully or illegally.

The expression *contra formam statuti* does not supply the defect, for it is used to show that reference is made to the statute as the foundation of the prosecution, and it does not necessarily charge any crime.

Skolfield may have sold blue-backed trout, trout for cultivation and propagation from his own enclosed waters, or trout legally caught by him in another state, each of which acts, so far as c. 40, § 49, is concerned, would be *contra formam statuti*, but would not be unlawful or illegal.

The complaint must show that the act of selling was unlawful, or else set forth the act of selling in language of equivalent meaning. *State* v, *Learned*, 47 Maine, 426; *State* v. *Turnbull*, 78 Maine, 392; *Com.* v. *Twitchell*, 4 Cush. 74, 76; *Com.* v. *Collins*, 2 Cush. 556; *Com.* v. *Stockbridge*, 11 Mass. 278.

SITTING : PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL, JJ.

PETERS, C. J.   By R. S., c. 40, § 49, it is provided that no person shall sell "any trout" during close time, with a certain penalty therefor.   The complaint in this case avers that the respondent, " did sell trout," to one Eben Newman within the period of close time.   Certain objections are urged against the validity of the complaint.

It is contended that the complaint is too general in its description of the quantity of trout sold.   But the statute is as general as are the words of the complaint.   This objection cannot prevail.   State v. Hadlock, 43 Maine, 282 ;   Com. v. Ryan, 9 Gray, 137.

It is objected that the complaint is defective in that it does not aver that the sale did not come within certain other statutes and sections which permit the taking and selling of trout within close time under certain conditions and restrictions.   The answer to this objection is that any justification of this kind would be a matter of defense.   It is necessary to aver against any exceptions only when such exceptions are found in the enacting clause of the section upon which the complaint is based.   There are no exceptions whatever in the section of the statute which establishes the present offense.   State v. Gurney, 37 Maine, 149 ; State v. Boyington, 56 Maine, 512.

It is further contended that the omission of the word unlawfully from the charging portion of the complaint is a fatal defect. This is a more debatable point perhaps than the others, and still we think the complaint must be regarded as good even in this respect.   The section gives no intimation of any lawful selling of trout of any kind during close time.   The word would not obviate the necessity of negativing any exceptions in the section had there been any in it.   Com. v. Byrnes, 126 Mass. 248.   The word unlawfully need not be used when the offense is one at common law.   It is essential to insert it in a complaint grounded on a statute which itself uses the word as a part of the description of the offense.   The allegation that the offense was committed against

the statute is not an equivalent, and does not supply the deficiency, if such exists.   *United States* v. *Smith*, 2 Mason, 148 ; 1 Bish. Cr. Proc. § 264, and cases.   Mr. Chitty and Mr. Bishop advise the use of the word in all cases as it excludes all legal cause of excuse for the offense.   The weight of authority is, however, that the word is needless where it is manifest that the statute in its general terms declares an unlawful offense.   Such is the statute affecting the present case.   1 Chitty Crim. Law, 241.   Bish. Cr. Proc. § 503.   Bou. Law Dic. word unlawful.

*Exceptions overruled.*