## STATE OF MAINE *vs.* FRED A. BUSHEY.

### Kennebec.    Opinion January 30, 1902.

*Criminal Pleading.    Conclusion of Law.    Obstructing Officer.    R. S., c. 122, § 21; c. 132, §§ 12, 13.*

In an indictment under R. S., c. 122, § 21, for obstructing an officer in the service of process, it is not necessary that there should be an express allegation that the process was in the possession of the officer. It is sufficient if such is the fair inference from all the language used.

Such process when not civil must, by the statute, be "for an offense punishable by jail imprisonment and fine, or either." These words are descriptive of the offense, and they or their equivalent must be used in the indictment. An allegation that the process was a search and seizure warrant in and upon the premises of the defendant, situated in W., and occupied by him as a saloon, is not sufficient.

Such an indictment must specifically state by what act of the defendant he obstructed the officer in the service of the process.

Exceptions by defendant.    Sustained.

Defendant was indicted and tried in the Superior court of Kenne-

bec county for obstructing an officer in the service of criminal process. There was a verdict of guilty by the jury.

Defendant moved in arrest of judgment and took exceptions to the overruling of his motion in the Superior court.

The case is stated in the opinion.

*Thomas Leigh,* county attorney, for State.

*S. S. & F. E. Brown,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

POWERS, J. Indictment under R. S., c. 122, § 21, for obstructing an officer in the service of process. The respondent was found guilty and moves in arrest of judgment for the following causes.

"First. There is no allegation in the indictment that Henry A. Hodges, the alleged constable, had in his possession any warrant or process, or that any process had been committed to him at the time alleged or stated in the indictment.

Second. The indictment does not allege or set forth that any crime or what crime or offense the supposed search warrant was based upon, or what the nature of the charge was.

Third. The indictment does not contain any allegation of the particular mode or how the defendant hindered or obstructed the constable, and does not state what acts the defendant did in this matter to prevent the constable from executing his legal power.

Fourth. There is no allegation in the indictment that the alleged search and seizure warrant authorized or directed the searching of the premises or saloon of the defendant, and for other manifest defects in said record appearing."

I. The indictment states that Hodges "being then and there a constable of the town of Vassalboro, legally authorized and duly qualified to dischage the duties of said office, and also being then and there in the due and lawful execution of the same, was in process of serving a search and seizure warrant issued by the judge of the municipal court for the city of Waterville." It is not necessary that there

should be an express allegation that the process was in the possession of the officer. It is sufficient if such is the fair inference from all the language used. *State v. Hooker*, 17 Vt. 658,668. How could Hodges be in the due and lawful execution of his office as constable, and in process of serving the warrant, unless he had it in his possession at the time? It is evident that he could not. His possession of the warrant, therefore, as plainly appears from the language of the indictment as if it had been directly alleged.

II. The offense is created and defined by the statute. The indictment should state all the elements necessary to constitute the offense, either in the words of the statute or in language which is its substantial equivalent. *State v. Hussey*, 60 Maine, 410, 11 Am. Rep. 209. In speaking of the process, the words of the statute are "process for an offense punishable by jail imprisonment and fine, or either." These words are descriptive of the offense, and they, or their equivalent, should be used in the indictment. Instead of this, however, the only description which is found of the process which the officer was obstructed in serving, is that it was a search and seizure warrant in and upon the premises of the defendant, situated in Waterville, and occupied by him as a saloon. Under our statute no warrant can issue to search for any person or thing except for an offense in relation thereto which is punishable by jail imprisonment or fine, or either. Such a warrant when lawful must specially designate the person or thing searched for, and allege substantially the offense in relation thereto. Upon it the person or thing searched for, if found, is seized, and together with the person in whose possession the same is found, returned before a proper magistrate. Upon it, if the offense is within the magistrate's jurisdiction, the person so returned is tried, and if convicted punished by jail imprisonment and fine, or either; and if not within the magistrate's jurisdiction, the proceedings are the same as in other similar cases. R. S., c. 132, §§ 12 and 13. If, therefore, there were any allegation that the search and seizure warrant was a lawful one, it might be said with some reason that such an allegation necessarily imported that it was for an offense punishable by jail imprisonment and fine, or either. There is in the

indictment, however, no allegation that the search and seizure warrant was lawful, or lawfully issued, and there is nothing describing the cause for which it issued, and showing that it was for such an offense as is within the definition of the statute. Not that there must necessarily be an allegation that the process was lawful. Our statute does not contain that word, and therein differs from the New Hampshire statute, under which the omission of that word was held fatal in *State* v. *Beasom,* 40 N. H. 367, and *State* v. *Flagg,* 50 N. H. 321. There must be, of course, proof that the process was lawful. The objection and the difficulty here is, that there is no direct allegation that the offense was within the statutory definition, that there is no description of the offense which, by showing what it is supplies the place of that definition, and permits the court and the accused to see that it was an offense punishable by jail imprisonment and fine, or either, as was the case in *State* v. *Cassidy,* 52 N. H. 500. In the absence of such allegation or description, and the further absence of any allegation that the search and seizure warrant was lawful, or lawfully issued, the description of the process found in the indictment is not equivalent to the words of the statute, and is insufficient. All that is charged in the indictment may have been proved, and yet the defendant may not have committed any offense.

III. The indictment follows the words of the statute and charges that the defendant did wilfully obstruct the officer in serving the process. If it stopped here, it could hardly be contended that it descended far enough into particulars to give the defendant notice of what particular act on his part was claimed to be criminal. Bishop's Crim. Prac. § 889. It goes on to say, therefore, that the defendant "did prevent the said Hodges from seizing a large quantity of intoxicating liquor intended for illegal sale upon said premises." This, however, is a mere conclusion. Upon what act of the defendant that conclusion is based nowhere appears in the indictment. The indictment should allege facts, not state conclusions. *People* v. *Reynolds,* 71 Mich. 343. The defendant is charged with obstructing and preventing, possibly with obstructing by preventing; but by what act he obstructed, by what act he prevented, in short with what criminal act

he is charged, the defendant is left solely to conjecture. The criminal act with which he is charged should be so specifically stated that he may prepare his defense, and if again prosecuted for the same offense may plead the former conviction or acquittal in bar. *State* v. *Lashus,* 79 Maine, 541; *State* v. *Hosmer,* 81 Maine, 506.

IV. There is no allegation in the indictment that the officer searched or attempted to search, or was obstructed in searching, either the premises or saloon of the defendant. It is therefore unnecessary that there should be any allegation in the indictment that the warrant authorized or directed such search.

For the second and third causes assigned the motion is granted and

*Exceptions sustained. Judgment arrested.*