**The People of the State of Illinois, Defendant in Error, v. John Mackin, Plaintiff in Error.**

### Gen. No. 15,248.

1. CRIMINAL LAW—*when information charging visiting cock pit sufficient.* An information which charges a violation of the statute prohibiting etc. the visiting of a place used for the purpose of fighting and baiting cocks, is sufficient which avers substantially in the language of the statute that a certain room in a certain city and county was a place kept and used for the purpose of fighting and baiting cocks and that the defendant visited the described place and was found therein.

2. CRIMINAL LAW—*statute against cock fighting construed.* Under the statute enacted against cock fighting several distinct acts are connected with the same general offense and are made subject to the same penalties, and though they might be and doubtless are distinct crimes if committed by different persons, or by the same person at different times, when they are committed by the same person, at the same time, they may be considered as representing stages of the same offense, and may be joined in the same count of an indictment or information as constituting a single violation of the act.

3. CRIMINAL LAW—*when judgment responsive.* A judgment in a prosecution for visiting a place used for cock fighting is responsive which finds the defendant guilty of a violation of section 52 of chapter 38 of the Revised Statutes in manner and form as charged in the information. A finding that the defendant was guilty of an offense for which he was not charged, namely, of "cock fighting" may be rejected as surplusage.

4. PLEADING—*when information not subject to vice of duplicity.* No matters however multifarious, will constitute duplicity in an indictment or information, provided that all such matters taken together constitute but one connected charge.

5. PLEADING—*what allegations in information may be stricken as surplusage.* If any allegation is not descriptive of the offense, under the maxim *utile per inutile non vitiatur,* it may be wholly stricken out and rejected as surplusage, where it leaves the count a perfect one.

Error to the Municipal Court of Chicago; the Hon. JUDSON F. GOING, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed December 2, 1910.

MAHONEY, BURTT, KRIETE & KRIETE, for plaintiff in error.

JOHN E. W. WAYMAN and CLIFFORD G. ROE, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

John Mackin, plaintiff in error, was convicted in the Municipal Court of Chicago of a violation of section 52, chapter 38 of the Revised Statutes upon an information filed by James Hart duly verified by his affidavit, charging the plaintiff in error with visiting

a place, describing it, kept and used for the purpose of fighting and baiting cocks and that he was found therein contrary to the form of the statute, and was sentenced to pay a fine of $25 and to imprisonment until the fine should be paid or worked out by him. He prosecutes this writ of error to reverse the judgment or sentence. The grounds urged for reversal are (1) that the court erred in refusing to quash the information and to arrest the judgment; (2) that the verdict is not supported by the evidence; (3) that the court erred in admitting evidence of what one Brazier did with certain spurs at the time of the arrest of the plaintiff in error; and (4) that the judgment is void because it is not responsive to the issues made by the pleadings, and is not sustained by any evidence.

The record shows that a motion was made by the plaintiff in error to quash the information, but upon what grounds or because of what defect does not appear. It is now urged that the information is fatally defective in that it does not purport to state that anything therein contained is presented to the court by the informant as a matter of fact, and perjury would not lie upon any facts stated therein, though every averment of the information were concededly false. It is also contended that the information is double, uncertain, indefinite, informal and insufficient.

Waiving the question whether the specific grounds here urged were raised and preserved for review by a mere general motion to quash which does not point out the specific objections relied upon, we are of the opinion that the information avers facts which, if true, constitute a violation of the statute. It avers that a certain room at number 1639 North Campbell avenue in the city of Chicago and county of Cook, was a place kept and used for the purpose of fighting and baiting cocks and that Mackin visited the described place and was found therein, substantially in the language of the statute. The averments are sufficiently

certain, definite and formal. 1 Bishop on Criminal
Procedure 146; 4 Wentworths Pleadings 430. As to
the point of duplicity, it was held in Blemer v. The
People, 76 Ill. 265, at page 272, ''Where a statute
forbids several things in the alternative, it is usually
construed as creating but a single offense, and the in-
dictment may charge the defendant with committing
all the acts using the conjunction 'and' where the
statute uses the disjunctive 'or.' 1 Bishop's Crim-
inal Procedure, 819; State v. Whitted, 3 Ala. 102;
Ray v. Bowen, 1 Dev. C. C. 22; The People v. Adams,
17 Wend. 475.'' And no matters however multifari-
ous, will constitute duplicity in an indictment or in-
formation, provided that all such matters taken to-
gether, as is the case under the statute in question con-
stitute but one connected charge. Barnes v. State, 20
Conn. 232; Com. v. Brown, 14 Gray (Mass.) 419; State
v. Palmer, 4 Mo. 453; State v. Gorham, 55 N. H. 152.
We think that under this statute several distinct acts
are connected with the same general offense and are
made subject to the same penalties, and though they
might be and doubtless are, distinct crimes if committed
by different persons, or by the same person at differ-
ent times, when they are committed by the same per-
son, at the same time, they may be considered as rep-
resenting stages of the same offense, and may be joined
in the same count of an indictment or information
as constituting a single violation of the Act. Love v.
People, 160 Ill. 501; U. S. v. Fero, 18 Fed. Rep. 901;
U. S. v. Scott, 74 Fed. Rep. 213; People v. Shotwell,
27 Cal. 394; State v. Robbins, 66 Me. 324; People v.
Altman, 147 N. Y. 473. If any allegation is not de-
scriptive of the offense, under the maxim *utile per inu-
tile non vitiatur*, it may be wholly stricken out and re-
jected as surplusage, where it leaves the count a per-
fect one. Sutton v. People, 145 Ill. 279; Henderson
v. State, 105 Ala. 82; Myers v. State, 92 Ind. 390;
Traut v. State, 111 Ind. 499; State v. Ormiston, 66 Ia.
143; State v. Robbins, 66 Me. 324. The averment

that Mackin was connected with and interested in, the management of the place described, may therefore be disregarded as surplusage, as it is not descriptive of the offense charged in the language of the statute that he visited the place and was found therein. Snell v. People, 29 Ill. App. 470. The motion to quash was properly overruled.

In our opinion the verdict is sustained by the evidence. It is sufficient to prove so much of the information as shows that the defendant committed a substantive crime therein alleged. Harris v. People, 64 N. Y. 148; State v. Burgess, 40 Me. 592.

The court did not err, we think, in admitting the testimony of the witnesses Sloier and Hart concerning what Brazier did with certain heels or spurs. It was a circumstance tending to prove that at the time of the arrest the place was being used and kept for the purpose of fighting or baiting cocks and that Mackin knew it. The testimony was therefore properly admitted.

It is contended on behalf of plaintiff in error that the judgment or sentence of the court is not responsive to the issues made by the pleadings, and is not sustained by the evidence or verdict, and finds the defendant guilty of a crime with which he is not charged, —that of cock fighting.

The verdict finds the defendant, John Mackin, guilty of a violation of section 52, chapter 38 of the Revised Statutes, in manner and form as charged in the information. The sentence is the conclusion of the law on the verdict. 1 Bishop on Criminal Procedure 1296. The sentence in this case should not, and does not in legal effect, make any finding. The phrase "of cock fighting," is not a necessary part of the sentence, and may be rejected as surplusage. The sentence is not open to the objection urged. All of the substantial requirements of the law were complied with, and we find no error in the record. The judgment or sentence is affirmed.

*Affirmed.*