## STATE OF MAINE *vs.* WILBUR F. BERRY.

## Cumberland.   Opinion December 19, 1914.

*Criminal Libel.   Duplicity.   Exceptions.   Indictment.   Maliciously.   Motion in*
*Arrest of Judgment.   Publication.   Revised Statutes, Chap. 130,*
*Sec. 1.   Wilfully.*

1.   In an indictment founded on a statute which describes the offense, the offense must be charged in the words of the statute, or in words equivalent thereto.

2.   Under a statute which makes it a criminal offense to wilfully publish or circulate a libel, an indictment for publishing and circulating a libel which does not charge that it was "wilfully" done is fatally defective.

3.   In an indictment charging that the defendant did at "Waterville, in the County of Kennebec, unlawfully, maliciously and wickedly compose, write and print, and did at Portland in the County of Cumberland, publish and circulate and cause to be published and circulated" "a certain libel," the adverb "maliciously" cannot be held to qualify the verbs "publish and circulate."

On exceptions by respondent.   Exceptions sustained.   Indictment quashed.

This is an indictment in which the respondent is charged with criminal libel.   The respondent was tried upon a plea of not guilty, in the Superior Court for Cumberland County, at the January term of said Court, 1914.   The jury returned a verdict of guilty.   At said term, the respondent filed a motion in arrest of judgment.   The presiding Judge overruled said motion, and the respondent excepted.

The case is stated in the opinion.

*Samuel L. Bates*, County Attorney, for the State.

*H. & W. J. Knowlton, and William B. Skelton*, for respondent.

SITTING:   SAVAGE, C. J., CORNISH, BIRD, HANSON, PHILBROOK, JJ.

SAVAGE, C. J.   The defendant was indicted for criminal libel, and was tried and convicted.   The case comes before the Law Court on the defendant's exceptions to the exclusion of testimony, and to the overruling of a motion in arrest of judgment.   We think the latter

exceptions must be sustained, and the indictment quashed. That being so, we have no occasion to consider the other questions. It would be improper to do so.

The definition and prosecution of a criminal libel are in this State matters of statute. The statute defines the crime, declares the responsibility and regulates the proceeding. Section 1 of Chap. 130 of the Revised Statutes, after defining a libel, provides that "nothing shall be deemed a libel unless there is a publication thereof." In Section 2 it is declared that "whoever makes, composes, dictates, writes or prints a libel; directs or procures it to be done; wilfully publishes or circulates it, or knowingly and wilfully aids in doing either shall be punished," etc. No other statutory provisions are material to the present discussion.

It is clear that the language of Section 2 constitutes three separate and independent classes of offenses. To make, compose, dictate, write or print a libel is one offense. To direct or procure the making, composing, dictating, writing or printing a libel is another. Both of these are subject to the limitation in Section 1, that nothing is to be deemed a libel unless published. To wilfully publish or circulate a libel, or to knowingly aid in doing either, is a third offense.

One may be indicted and convicted of making or printing a libel in the county where it was made or printed, though the publication may have been elsewhere. And one may be indicted and convicted of wilfully publishing or circulating a libel in the county where it was published or circulated, though it may have been made or printed elsewhere.

The indictment in this case charges that the defendant "did" . . . . at Waterville in the County of Kennebec "unlawfully, maliciously and wickedly compose, write and print . . . and did . . . at Portland in the County of Cumberland, publish and circulate and cause to be published and circulated . . . a certain false, scandalous, malicious and defamatory libel," etc. Two contentions are made under the motion for arrest of judgment. First, that the indictment is bad for duplicity, because it sets forth one offense for composing, writing and printing a libel in Kennebec County, and another offense for publishing and circulating it in Cumberland County; and, secondly, that it does not charge in the language of the statute that the defendant *wilfully* published and circulated, etc. The statute word "wilfully" is omitted.

It may be that the language in the indictment may be looked at in different ways. It sufficiently avers a composing, writing and printing in Kennebec County. It also avers a publication. It would have been sufficient simply to aver that the libel was published. We do not see that the averment of the particularities of the publication is harmful. So that if this indictment had been returned in Kennebec County instead of in Cumberland, it might have been proof against attack. The defendant says that the indictment sets forth one offense in Kennebec County and attempts to set forth another in Cumberland County. On the other hand the State argues that the averment touching, composing, and so forth, in Kennebec County may be regarded as surplusage, and that the only offense charged is that of publishing and circulating in Cumberland County. We are inclined to this view. Under any other view the indictment seems bad in this respect.

But if this be the proper view, and it is the only view that can avail the State on the question of duplicity, we are brought face to face with the other contention, namely, that it is not alleged that the publishing and circulating were wilfully done. The statute declares that whoever "wilfully publishes or circulates" a libel shall be punished. The statute does not make the publishing and circulating of a libel an offense, unless wilfully done. The word "wilfully" in the statute is descriptive of the offense. In an indictment founded on a statute which describes the offense, the offense should be charged in the words of the statute, or in words equivalent thereto. *State* v. *Hussey*, 60 Maine, 410; *State* v. *Gove*, 34 N. H., 511; *Rex* v. *Cox*, 1 Leach, 71; *Rex* v. *Davis*, 1 Leach, 556; Bishop on Criminal Procedure, 2nd Ed., Sec. 614, 615, 617; same author, Vol. 2, Sec. 917.

We do not, however, understand that the learned attorney for the State seriously questions the correctness of the foregoing statement of the rule. But he does insist that although the word "wilfully" was omitted from the indictment, a word of equivalent signification was used, namely, "maliciously." And he relies upon *State* v. *Robbins*, 66 Maine, 324, in which case it was said that where a word not in the statute is substituted in the indictment for one that is, and the word thus substituted is equivalent to the word used in the statute, the indictment will be sufficient. And it was further said that in an indictment for libel the word "maliciously" might be substituted for "wilfully." In that case an indictment which charged that the

defendant "unlawfully and maliciously did compose and publish, and cause and procure to be composed and published" a certain libel, was held to be good.

But the case of *State* v. *Robbins* is wholly unlike this. In that case the charge was for maliciously composing and publishing a libel. The word "maliciously" clearly and grammatically qualified both the words "compose" and "publish."

Not so in the case at bar. Here the indictment avers that the defendant did "maliciously compose, write and print" at Waterville. It does not aver that he either maliciously or wilfully published and circulated at Portland. The indictment does not describe the "composing, writing, printing, publishing and circulating as a series of connected acts, but as separate and independent acts, done at different times and places, in fact in different counties. By no stretch of grammatical construction, as we think, can the adverb "maliciously" in this indictment, be properly held to qualify "publish and circulate." Therefore we must hold that no equivalent was used for the word "wilfully," and that the omission of "wilfully" was fatal.

It is suggested that the point should have been raised by demurrer, and not having been so raised, it is not open on a motion in arrest of judgment. In some States such a practice has been fixed by statute. See *State* v. *Monahan*, 170 Mass., 460. Whether such a practice would be advisable here is for the legislature to say. Here at present such a motion lies when all the facts alleged do not constitute an offense. *State* v. *Godfrey*, 24 Maine, 232. Such is the common law practice. 1 Bishop on Criminal Procedure, Sec. 1108; 1 Chitty on Criminal Law, 661-664. We think such a motion is proper in a case like this one.

> *Exceptions sustained.*
> *Indictment quashed.*