## STATE OF MAINE vs. WALTER C. MAHONEY.

### Waldo.    Opinion April 23, 1923.

*In an indictment "felonious assualt" being an offense at common law and having
a fixed and accepted meaning independent of statute, is sufficient in and
of itself.   It is unnecessary to allege all the elements recited in
the statute, as they are implied in the word "assault" at
common law.*

In the instant case the respondent claims that an indictment merely charging
the felonious making of an assault, without going into the details and reciting
the elements of the crime, is insufficient, and cites as illustrations the supposed
case of indictments for larceny, embezzlement, perjury, adultery or obtain-
ing goods by false pretenses, which simply name the offense charged.

With the respondent's contentions on these illustrations the counsel for the
State agrees, but urges that in the case of an assault, which is an offense at
common law and has a fixed and accepted meaning independent of statute,
the charge of a felonious assault is sufficient in and of itself.

The word assault at common law contains and implies all the elements recited
in the statute defining the crime of assault and it was not necessary to allege
them in this indictment.   It would constitute redundancy, harmless but not
essential.

On exceptions by respondent.   At the September Term, 1922, of
the Supreme Judicial Court in the County of Waldo, the respondent
was indicted, tried and found guilty of an assault on one Elizabeth
Palson, and counsel for respondent filed a motion in arrest of judg-
ment on the ground of insufficiency of the indictment, which motion
was overruled, and exceptions taken, and sentence was imposed.
Exceptions overruled.   Judgment for the State.

The case is fully stated in the opinion.

*Ralph I. Morse,* for the State.

*Daniel I. Gould* and *Clinton C. Stevens,* for the respondent.

SITTING:   CORNISH, C. J., PHILBROOK, DUNN, MORRILL, DEASY, JJ.

CORNISH, C. J.   The respondent stands convicted of an assault
after trial before a jury.   After conviction he moved in arrest of

judgment because of alleged insufficiency of the indictment which was in these terms: "That Walter C. Mahoney of Northport in said County of Waldo at Northport in said County of Waldo, on the thirteenth day of August in the year of our Lord one thousand nine hundred and twenty-two, on one Elizabeth Palson feloniously did make an assault against the peace of the State" &c.

The objections set forth in the respondent's exceptions to the overruling of the motion are fourfold.

1. Because the indictment does not contain any statement as to the nature of the acts or attempted acts, which the respondent is charged with committing.

2. Because the indictment does not set forth the manner in which the acts were committed.

3. Because "the indictment does not clearly, substantially and definitely set forth any actions, intentions or ability by or on the part of said respondent, nor any charge against him."

4. Because the indictment does not charge any offense against the laws of the State.

In brief the respondent claims that an indictment merely charging the felonious making of an assault, without going into the details and reciting the elements of the crime, is insufficient, and cites as illustrations the supposed case of indictments for larceny, embezzlement, perjury, adultery or obtaining goods by false pretenses, which simply name the offense charged.

With the respondent's contentions on these illustrations the counsel for the State agrees, but urges that in the case of an assault, which is an offense at common law and has a fixed and accepted meaning independent of statute, the charge of a felonious assault is sufficient in and of itself.

True, the Legislature has defined the crime of assault and provided the penalty therefor as follows: "Whoever unlawfully attempts to strike, hit, touch, or do any violence to another, however small, in a wanton, wilful, angry or insulting manner, having an intention and existing ability to do some violence to such person is guilty of an assault." R. S., Chap. 120, Sec. 26.

But the word assault at common law contains and implies all those elements and it was unnecessary to allege them in this indictment. It would constitute redundancy, harmless but not essential.

In *State* v. *Creighton*, 98 Maine, 424, the indictment alleged that

"the respondent in and upon one Brinton H. Penwarden.  .  .  .  .
an assault did make and him the said Penwarden &c. did then and
there beat, wound and illtreat and other wrongs to the said Pen-
warden then and there did" &c.

The respondent demurred on the ground that the indictment did
not describe the act as done in a "wanton, wilful, angry or insulting
manner, having an intention and existing ability to do some violence,"
these being the statutory words defining an assault, the precise
point raised here.  The court overruled the demurrer in these
emphatic words:  "The words omitted are not necessary to the
validity of an indictment.  They are all implied in the word 'assault.'
The statute is merely declaratory of the common law.  It adds
nothing to the common law definition of assault and requires no
additional allegation in an indictment."

Other authorities to the same effect are:

"With regard to the making of an assault the indictment or infor-
mation is usually regarded as sufficient which alleges merely that
defendant made an assault."  Corpus Juris, Vol. 5, Page 764, Sec-
tion 277.

"It is enough if the indictment charge an assault of the defendant
on the prosecutor."  Wharton's Crim. Law, Vol. 2, Section 834.

"It seems that most authorities favor the view that assaults may
be charged in general terms, that is without specifying the means by
which the assault is made."  *State* v. *Clayton*, 100 Mo., 516, over-
ruling prior decisions contra.

If the respondent's contention is sound, then in cases of assault
with intent to kill, assault with intent to rape, and similar crimes, the
statutory words defining assault must be set forth in detail; but it
is common and, so far as we know, uniform practice in this State to
allege simply an assault coupled with the intent.

An indictment must state in plain and concise language every
element of the crime with which it is intended to charge the respond-
ent, but it need go no further.  The indictment here meets that
requirement and must be sustained.

*Exceptions overruled.*
*Judgment for the State.*