STATE OF MAINE *vs.* GUY PARKER.

Somerset.     Opinion July 21, 1933.

*Thomas A. Anderson,*
*Clayton E. Eames,* County Attorneys for State.
*F. Harold Dubord,* for respondent.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

DUNN, J.    The exceptions go to the overruling of a demurrer to a criminal complaint, the charging part of which is as follows: "that Guy Parker of Waterville in the County of Kennebec and State of Maine, on the twenty-second day of May, A.D., 1932, at the Forks Plantation, so called, in said County of Somerset and State of Maine, did fish in closed season, said above twenty-second day of May, A.D. 1932, having been proclaimed by the Governor as a closed season, said Guy Parker not then and there fishing from a boat or canoe, against the peace of the State, and contrary to the form of the Statute in such case made and provided."

The complaint was under section 39 of chapter 11, Revised

Statutes, as amended by section 2, chapter 180, of the Public Laws of 1931. Section 39, in its amended form, and an immediately preceding section, numbered 38, which also was amended by chapter 180, 1931 Laws, should be read together, that the points of the demurrer may be more readily seen and understood.

Section 38, as amended, reads: "Whenever, during periods of drought, it shall appear to the governor that hunting or fishing is likely to be a menace to the forests of the state, he may by proclamation suspend the open season for hunting or fishing for such time and in such sections of the state as he may in such proclamation designate, . . . ."

Section 39, as amended, provided that "during the time which shall by such proclamation be made a close season, all provisions of law covering and relating to the close season shall be in force, and a person violating a provision of the same shall be subject to the penalty therein prescribed." The catching of fish, "for which there is no close season otherwise provided by law," was forbidden under penalty of fine.

Six errors are alleged to exist in the complaint:

(1) That the term "unlawfully", which implies that an act is done, or not done, as the law allows or requires, is not used by the pleader;

(2) That the complaint does not allege that the respondent (now excepter) "did catch fish";

(3) That as acts are offenses only if committed in such "sections" as an executive order designates, the allegation of place should bring the offense within such a locality;

(4) That the complaint fails to state that the proclamation had been issued by the Governor of the State of Maine;

(5) That the complaint should show that the period of the suspension of the fishing season had not been revoked at the date of the alleged offense;

(6) That the complaint, being vague and indefinite, does not enable the respondent to meet the exact charge against him.

With regard to the first assignment of error, the word "unlawfully", not being a part of the description of the statute offense, was needless. *State* v. *Robbins*, 66 Me., 324; *State* v. *Skolfield*, 86 Me., 149, 29 A., 922.

The answer to the second objection is that the complaint was not for catching fish, but for fishing in closed season. Such an act, on reference to the general fish and game laws, is a misdemeanor.

The third exception is not without merit. The gist of the complaint is that the respondent did fish, at the Forks Plantation, on a day proclaimed by the Governor as a closed season. Without reference to other urged defects, which may or may not have force, the want of recital in the complaint, that the place alleged as that of the commission of the offense was within a designated section of the state, is evident. When an act is forbidden within a particular territory, the complaint or indictment must allege that it was committed there. *State* v. *Turnbull*, 78 Me., 392, 6 A., 1; *State* v. *Prescott*, 129 Me., 239, 151 A., 426.

The fourth reason, of failure to state the proclamation as having been issued by the Governor of the State of Maine, is not pressed.

The fifth claimed error has no worth. What may be a good defense at the trial, in effectually negativing a charge, is not necessarily required to be stated in the complaint.

Lastly, the third assignment of error having been sustained, the sixth becomes sustainable.

> *Exceptions sustained.*
> *Demurrer sustained.*
> *Complaint adjudged bad.*