STATE
*vs.*
WILLIAM D. RAND

Cumberland.    Opinion, May 5, 1960.

*Arthur Chapman, County Attorney*
*Millard E. Emanuelson*
*Arthur Peabody*

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

WILLIAMSON, C. J. This criminal case is before us on appeal from denial of a motion for new trial and on exceptions following conviction of assault and battery on an indictment brought under R. S., c. 130, § 21. The statute reads:

> "**Assault, and assault and battery, definitions.** — Whoever unlawfully attempts to strike, hit, touch or do any violence to another however small, in a wanton, willful, angry or insulting manner, having an intention and existing ability to do some violence to such person, is guilty of an assault; and if such attempt is carried into effect, he is guilty of an assault and battery. Any person convicted of either offense, when it is not of a high and aggravated nature, shall be punished by a fine of not more than $100 or by imprisonment for not more than 6 months, or by both such fine and imprisonment; and when the offense is of a high and aggravated nature, the person convicted of either offense shall be punished by a fine of not more than $1,000 or by imprisonment for not more than 5 years, when no other punishment is prescribed."

The act is declaratory of the common law. *Rell* v. *State of Maine,* 136 Me. 322, 9 A. (2nd) 129.

The presiding justice considered the offense was "of a high and aggravated nature," and sentenced the respondent to imprisonment in the state prison. *State* v. *McKrackern,* 141 Me. 194, 41 A. (2nd) 817.

## THE APPEAL

"The issue raised on the appeal is whether in view of all the evidence, the jury was justified in believing beyond a reasonable doubt that the respondent was guilty." *State* v. *Dipietrantonio,* 152 Me. 41, 54, 122 A. (2nd) 414. We may also set aside a verdict on appeal for "manifest error in law" in the trial, including errors in the charge or in the failure to give instructions, although no exceptions were taken, and "injustice would otherwise inevitably result." The phrases quoted from *State* v. *Wright,* 128 Me. 404, at 406, 148 A. 141, are cited with approval and emphasis by former Chief Justice Merrill, speaking for the court, in *State* v. *Morin,* 149 Me. 279, 283, 100 A. (2nd) 657. See also *State* v. *Newcomb,* 146 Me. 173, 78 A. (2nd) 787; *State* v. *Hudon,* 142 Me. 337, 52 A. (2nd) 520.

The victim of the alleged assault, a girl nine years of age, was permitted to testify after examination by the court and counsel for the State and respondent. In brief, the child testified that she went to the home of the respondent, a neighbor, to play with his daughter on her return from school; that the respondent took her in his lap, fondled her, and touched her between her legs; that he committed other indecent acts in her presence; that later his daughter came from school and they played together; and that the next day she told her mother.

There was also evidence, which the jury was entitled to believe, that the child made a statement in the presence of her mother and father, a police officer, and the respondent, in part to the effect that the respondent put his hands on the

outside of her clothing on her private parts, and that the respondent admitted the truth of the child's statement. The respondent, married for 13 years, on the witness stand denied touching the child, and admitted an indecent act in her presence.

The respondent argues that there was no assault under the statute on the ground that there was no evidence indicating the child was placed in fear or was emotionally disturbed by the acts of the respondent. He points out that the child stayed at the respondent's home for some time after the acts complained of and did not tell her mother until the next day.

The short and certain answer lies in the language of the statute. We cannot readily understand how the respondent could have acted with more deliberate or total disregard for the rights of the child. His acts the jury could well find were wanton, willful and insulting.

The respondent also denies that he intended "to do some violence" to the child. He does not deny his "existing ability" to harm her. What intention could the respondent have had other than an evil intention to indulge his own lustful desires? By his indecent acts he violated the person and dignity of the child in a manner abhorrent to society.

The common law, and our statute drawn therefrom, do not leave children to the evil desires of men without penalty. The guilty intention in assault may be inferred from the act, and was so inferred in this instance. *State* v. *Sanborn,* 120 Me. 170, 113 A. 54; 4 Am. Jur., *Assault and Battery,* § 26; 6 C. J. S., *Assault and Battery,* §§ 71, 74.

The respondent also urges error in the failure of the court to instruct the jury that he was entitled to acquittal if the child was capable of giving consent and consented to the touching. No request for such an instruction was made to

the court, and understandably so. There is not the slightest suggestion in the record that the child was capable of giving consent, or consented. The respondent seeks to ground his innocence on the innocence of the child; and this he may not do.

We do not draw an arbitrary age line between capacity and lack of capacity in a person to consent to acts of the nature described. There is no age of consent in the assault statute as in statutory rape (R. S., c. 130, § 10 — 14 years), or in indecent liberties (R. S., c. 134, § 6 — 16 years — with respondent 21 years or over).

It is sufficient in this instance that there is no evidence whatsoever to suggest consent, that the respondent did not request an instruction thereon, and that no injustice resulted to the respondent from lack of such an instruction. The defense was not consent, but that the respondent did not touch the child.

The argument of the respondent that the State is attempting to prove an indecent assault, a crime unknown at common law and thus not within our assault statute, *supra,* is not persuasive. At common law there is no separate and distinct crime of indecent assault. *State* v. *Comeaux,* 60 So. 620 (La.). The respondent points to special legislation covering indecent assaults in nearby states. Massachusetts Annot. Laws, c. 265, § 13 B; Connecticut General Statutes, c. 944, § 53-217; Vermont Statutes Annotated, c. 51, § 2602. Our indecent liberties statute, *supra,* with its limitation of ages, elimination of consent as a defense, and limitation of the offense to indecent liberties with the sexual parts, is a statute of like general purpose with indecent assault statutes.

The present case is, however, brought under the assault statute, and not the indecent liberties statute. Although the acts proven may not constitute an offense under the indecent

liberties statute, *supra,* it does not follow that they do not constitute an assault and battery. 4 Am. Jur., *Assault and Battery,* § 27; 6 C. J. S., *Assault and Battery,* § 75. Surely the respondent in touching the private parts of the nine year old child through her clothing without her consent committed an assault and battery indecent in character.

## THE EXCEPTIONS

The exception to the denial of a motion for a directed verdict made at the end of the State's case, was waived on introduction of evidence by the respondent. *State* v. *Johnson,* 145 Me. 30, 71 A. (2nd) 316. The respondent lost nothing, however, by not renewing his motion at the close of the evidence. Exceptions to denial of a directed verdict so made and an appeal from the denial of a motion for a new trial "present like questions and 'accomplish precisely the same result.'" *State* v. *McKrackern, supra,* at 197; *State* v. *Smith,* 140 Me. 255, 283, 37 A. (2nd) 246, 258.

The only remaining exception not waived by the respondent reads:

> " 'If, on the other hand, you found as a fact that the Respondent did unlawfully put his hands between the girl's legs and touched her privates, that would constitute an assault in conjunction with all the other evidence if you found beyond a reasonable doubt that an unlawful assault did take place' . . . on the ground that such instruction amounts to a charge on an indictment for indecent liberties; and that said instruction prejudices the Respondent for the reason that there is no evidence by the child or any other person that the Respondent touched the privates of the child."

It is not necessary that we consider whether the language is descriptive of indecent liberties under the statute. The jury was warranted in finding that the respondent put his hands on the child's private parts through her clothing.

This was the touching to which the justice made reference. See *State* v. *McKrackern, supra,* at 205.

The respondent was not harmed by the instruction.

The entry will be

> *Appeal dismissed.*
>
> *Exceptions overruled.*
>
> *Judgment for State.*