STATE of Maine

v.

Stephen BLAIS.

Supreme Judicial Court of Maine.

Sept. 29, 1978.

Henry N. Berry, III, Dist. Atty., Peter G. Ballou (orally), Portland, for plaintiff.

Robert F. Hannigan (orally), South Portland, for defendant.

Before POMEROY, WERNICK, ARCHIBALD, DeLAHANTY and GODFREY, JJ., and DUFRESNE, A. R. J.

DUFRESNE, Active Retired Justice.[1]

On January 7, 1976, the Grand Jury in and for the County of Cumberland indicted Stephen Blais, the defendant, for the crime of assault and battery of a high and aggravated nature in violation of 17 M.R.S.A. § 201 which was in effect at the time the crime charged was committed.[2] Tried before a Cumberland County jury, Blais was found guilty of simple assault and battery. Sentenced to a term of imprisonment at the Men's Correctional Center[3] in South Windham on February 20, 1976, the defendant forthwith filed a motion in arrest of judgment pursuant to Rule 34, M.R.Crim.P., which was denied. He seasonably appealed the judgment of conviction, raising the sole issue that the indictment is fatally deficient in its allegations which, so he contends, do not charge an offense cognizable under the laws of the State of Maine.

There was no error in the denial of the defendant's motion in arrest of judgment and, therefore, we deny the appeal.

Our assault and battery statute, 17 M.R. S.A., § 201, then provided as follows:

"Whoever unlawfully attempts to strike, hit, touch or do any violence to another however small, in a wanton, willful, angry or insulting manner, having an intention and existing ability to do some violence to such person, is guilty of an assault. If such attempt is carried into effect, he is guilty of an assault and battery. Any person convicted of either offense, when it is not of a high and aggravated nature, shall be punished . . . . When the offense is of a high and aggravated nature, the person convicted of either offense shall be punished . . . ."

The indictment in its caption referred to section 201 of title 17 of the Maine Revised Statutes Annotated pursuant to Rule 7(c), M.R.Crim.P., was entitled "AGGRAVATED ASSAULT AND BATTERY," and used the following language:

"THE GRAND JURY CHARGES:

That on or about the Twentieth day of September, 1975, in the City of Portland, County of Cumberland and State of Maine, the above named defendant, Stephen Blais, did strike, hit, touch and do violence to one Pentti K. Hiatalahti, in a wanton, willful, angry and insulting manner, and your Grand Jury further alleges that said assault and battery was of a high and aggravated nature."

---

1. Mr. Justice Dufresne sat at oral argument and participated in consultation while he was Chief Justice, and, on order of his successor, Mr. Chief Justice McKusick, was empowered and authorized to continue his participation in the case in his capacity of Active Retired Justice.

2. 17 M.R.S.A. § 201 was repealed by Public Laws, 1975, c. 499, § 5, effective May 1, 1976; its substitute counterparts in the Maine Criminal Code may be found in 17-A M.R.S.A. §§ 207 and 208.

3. The Men's Correctional Center was renamed the Maine Correctional Center by Public Laws, 1975, c. 756, § 20, effective April 13, 1976.

Initially, we reaffirm the long standing fundamental rule that the validity of any indictment hinges on the question, whether the charge as contained therein sets out every essential element of the crime of which the defendant is accused. *State v. Davenport*, Me., 326 A.2d 1, 9 (1974); *Toussaint v. State*, Me., 262 A.2d 123, 125 (1970); *State v. Small*, 156 Me. 10, 13, 157 A.2d 874 (1960). Also, the omission to allege a necessary ingredient of the offense which the indictment purports to level at the accused makes the indictment void and taints any judicial action thereon with inherent nullity as such defect deprives the court of jurisdiction to proceed with the prosecution, effect a valid conviction or impose a lawful sentence thereunder. *State v. Davenport*, supra; *State v. Scott*, Me., 317 A.2d 3, 5 (1974); *State v. Nelson Freightways, Inc.*, Me., 309 A.2d 125, 127 (1973); *Dow v. State*, Me., 275 A.2d 815, 821 (1971). See also *State v. Vane*, Me., 322 A.2d 58, 63 (1974).

A motion in arrest of judgment is a proper vehicle to use for the purpose of testing the sufficiency of an indictment for alleged failure to articulate every necessary element of the crime charged. *State v. Small*, 156 Me. 10, 157 A.2d 874 (1960); *State v. Berry*, 112 Me. 501, 92 A. 619 (1914); *State v. McAloon*, 40 Me. 133 (1855).

But a criminal accusation need not necessarily be couched in statutory terms. Although it is the safer course to follow the language of the statute in describing the offense charged in the indictment, the use of words substantially equivalent in their meaning to those of the statute will suffice in specifying all the essential elements of the crime. *State v. Dumais*, 137 Me. 95, 15 A.2d 289 (1940); *State v. Bushey*, 96 Me. 151, 51 A. 872 (1902); *State v. Robbins*, 66 Me. 324, 328 (1877); *State v. Hussey*, 60 Me. 410 (1872).

1. *Intention and Existing Ability to do some violence.*

The defendant's first contention, that the instant indictment is fatally insufficient because it fails to allege that the accused had an intention and existing ability to do some violence to the victim, is without merit. Since the present indictment specifically states that the defendant "did strike, hit, touch and do violence" to Hiatalahti and further that "said assault and battery was of a high and aggravated nature," such a factual charge of assault and battery, as distinguished from a mere charge of assault, readily connotes a general intention to do violence and an existing ability to carry out that intention. It would have been quite superfluous in the instant case to characterize the defendant's conduct beyond the allegations of the indictment. *State v. Woodward*, 69 Wyo. 262, 240 P.2d 1157 (1952).

We must bear in mind that an assault, either at common law or under the statute, is not a "specific intent" crime in the sense, as we stated in *State v. Little*, Me., 343 A.2d 180, 185 (1975), that

"defendant must have an actual subjective state of mind to cause bodily harm to the victim. The subjective 'intent' necessary is an intention of defendant to do the act which he does. With such 'intent' present, whether an assault has been committed depends thereafter upon an evaluation of objective circumstances, namely, whether the act done has objective potential to produce bodily harm."

It is equally true that the crime of assault and battery is not a "specific intent" crime. Paraphrasing what we said in *State v. Anania*, Me., 340 A.2d 207, 211 (1975), we recognize that the statutory language of "intention . . . to do some violence" to another was not intended to require a subjectively existing conscious purpose to do some violence. The statute, declaratory of the common law (see *State v. Worrey*, Me., 322 A.2d 73, 80 (1974)), merely confirms that the general criminal intent involved in the intentional doing of an act which has the inherent potential of causing bodily harm is all that is intended. See also *State v. Bowden*, Me., 342 A.2d 281, 286 (1975).

In an assault and battery indictment, as in this case, it was not required that the charging instrument allege in the terms of the statute or in equivalent language that the striking, hitting, touching and doing violence was accompanied by an intention and existing ability to do some violence. The indictment was sufficient in this respect.

### 2. Omission of the statutory term "unlawfully."

The defendant's second contention is that the absence of the statutory term "unlawful" to characterize the defendant's alleged conduct rendered the indictment void and that his motion in arrest of judgment should have been granted. We disagree.

It is true that this Court in dictum stated in *State v. Robbins*, 66 Me. 324, 327–328 (1877), a prosecution for criminal libel, that "[t]he only case when it may be necessary to use it [the word "unlawfully"], is where it is a part of a description of a statute offense." See also *State v. Skolfield*, 86 Me. 149, 29 A. 922 (1893); *State v. Parker*, 132 Me. 137, 167 A. 854 (1933).

Section 201, Title 17, in defining an assault and an assault and battery does use the word "unlawfully," e. g. "[w]hoever unlawfully attempts to strike, [etc.] is guilty of an assault. If such attempt is carried into effect, he is guilty of an assault and battery." But, as we have mentioned previously, our assault statute is declaratory of the common law. *State v. Mann*, Me., 361 A.2d 897, 902 (1976); *State v. Worrey*, supra; *State v. Rand*, 156 Me. 81, 161 A.2d 852 (1960); *State v. Mahoney*, 122 Me. 483, 120 A. 543 (1923).

At common law, an indictment or information charging an assault is sufficient even if the charging document does not allege that the assault was unlawful. Such an indictment or information is equally good when brought pursuant to the statute which is merely declaratory of the common law. *State v. Bray*, 1 Mo. 180 (1822); *People v. Cantwell*, 253 Ill. 57, 97 N.E. 287 (1911). Cf. *State v. Skolfield*, 86 Me. 149, 29 A. 922 (1893).

The mere use of the term "assault" necessarily implies the general descriptive conduct associated therewith in the statute, and an indictment is sufficient under the statute even if it does not allege in express terms that the assault was perpetrated in a "wanton, wilful, angry or insulting manner" (*State v. Mann*, Me., 361 A.2d 897, 902 (1976)), or if it does not specify that the defendant did strike, hit, touch or do violence to the victim (*State v. Mahoney*, 122 Me. 483, 120 A. 543 (1923)), or if the word "unlawfully" is omitted (*State v. Creighton*, 98 Me. 424, 57 A. 592 (1904)).

The indictment in this case consists of only one count. It is true that in the first phrase thereof it does not state the accusation in explicit terms of assault or assault and battery, but rather alleges the specific facts, even though in general language, which under the statute constitute an assault and battery. Even so, in the second phrase of this single count indictment, made an integral part of this single accusation, the defendant's first stated conduct is characterized as an assault and battery, as readily appears by the following language:

> "and your Grand Jury further alleges that *said* assault and battery was of a high and aggravated nature." (Emphasis supplied)

The offense of assault and battery under 17 M.R.S.A., § 201, whether considered in its simple aspect or in its more serious concept of high and aggravated in nature, is a single crime. There is but one offense. It is either simple or high and aggravated depending on the circumstances surrounding the same. *State v. Childs*, Me., 388 A.2d 76, 80 (1978); *State v. Pinnette*, Me., 340 A.2d 17, 25 (1975); *State v. Davenport*, Me., 326 A.2d 1, 9 (1974).

Hence, under our case law as previously considered, the instant indictment must be ruled sufficient in law. Furthermore, this Court has recently set at rest this very issue in a case of kidnapping. In *State v. Knowles*, Me., 371 A.2d 624 (1977), where the indictment did not allege, in accordance with the statute, that the defendant "un-

lawfully" transported and carried the victim, it was said at page 631:

"We decide that in those situations, as here, in which the statutory use of the word 'unlawfully' is only to negative the existence of legal justification or excuse for the conduct otherwise defined to be criminal, an indictment is not fatally defective because it fails to use the statutory word "unlawfully." In such context the very existence of the charging instrument sufficiently serves the purpose intended by the statute since the fact that a charging instrument has been returned against defendant conveys to him the information that the State deems the conduct described in the indictment to be a crime, thus to be conduct neither justified nor excused in legal contemplation."

The entry will be

Appeal denied.

Judgment affirmed.