### STATE v. NICK ALFORD.

A person standing in *loco parentis*, cannot be held criminally responsible for correcting the son of the woman, with whom, at the time, he was living as man and wife, unless the punishment inflicted exceeded the bounds of moderation and tended to cause permanent injury.

(*State* v. *Pendergrass*, 2 Dev. & Bat. 365, cited and approved.)

INDICTMENT for an assault and battery, tried at WAKE Superior Court, Spring Term, 1872, before *Moore, J.*

The battery was alleged to have been committed on a boy, the son of the woman, with whom the defendant was living as man and wife. The evidence on the trial is fully stated in the opinion of the Court.

The jury under the charge of his Honor found the defendant guilty. Motion for a new trial; motion overruled. Judgment and appeal by defendant.

*Busbee & Busbee,* for defendant.
*Attorney General Hargrove,* contra.

BOYDEN, J. In this case his Honor charged the jury that if they believed the evidence, the battery was excessive and the defendant was guilty.

The evidence was, that the defendant lived with the mother of the boy, and although they were not married, they acted and lived as man and wife, and the mother com-

mitted the custody of the boy to the defendant; and that for some misconduct, the defendant whipped the boy, who made considerable outcry, and four days afterwards there was a mark on his back the width of a broomstraw, two inches long, where the skin had been broken and there was some discoloration. The charge of his Honor was not in accordance with the law as laid down by this Court in the case of the *State* v. *Pendergrass,* 2 Dev. & Bat. 365.

In that case, the defendant was a teacher of a school of small children, that upon one occasion, after mild treatment towards a little girl six or seven years old, had failed, the defendant whipped her with a switch, so as to cause marks upon her body, which disappeared in a few days. Two marks were also proved to have existed, one on the arm, and another on the neck, which were apparently made with a larger instrument; but which also disappeared in a few days.

In that case, his Honor, the late Judge GASTON, as humane a Judge as ever presided in a Court, discussed the question at much length, and laid down the rule governing such cases. His Honor says, " the line which separates moderate correction from immoderate punishment can only be ascertained by reference to general principles. Any punishment therefore which may seriously endanger life, limb or health, or shall disfigure the child, or cause any other permanent injury, may be pronounced in itself immoderate, as not only being unnecessary for, but inconsistent with, the purpose for which correction is authorized.

But any correction, however severe, which produces temporary pain only, and no permanent injury, cannot be so pronounced, since it may have been necessary for the reformation of the child, and does not injuriously affect its future welfare. " We hold therefore," says his Honor, "that it may be laid down as a general rule that teachers exceed the limits of their authority when they cause lasting mis-

STATE *v.* ALFORD.

chief; but act within the limits of it, when they inflict temporary pain."

The same rule must govern this case. There is no evidence of malice, but the case states that the correction was for some misconduct of the boy. It is not pretended that any permanent injury was inflicted, or that an improper instrument was used in correcting the boy, and it is highly probable that the slight mark was caused by the resistance of the boy, as the case states that the boy made considerable outcry.

We therefore think his Honor should have instructed the jury, that as it appeared that the chastisement was for the misconduct of the boy, and as the defendant acted in *loco parentis,* and the injury did not, nor was it in its nature, calculated to produce lasting injury to the boy, it did not exceed the limits of the power granted to the defendant, and he was entitled to a verdict of not guilty.

There was error. This will be certified to the end that the defendant may be discharged.

PER CURIAM.                    Judgment reversed.