EUGENE R. PATTERSON, by his next friend,

*vs.*

R. WALLACE NUTTER.

Penobscot. Opinion December 20, 1886.

*School-master. Punishment of pupils.*

A school-master is not liable for inflicting corporal punishment upon a pupil, if it is not clearly excessive, in the general judgment of reasonable men.

It is error to instruct a jury that such punishment is lawful if it is not so clearly excessive " that all hands at once say it was excessive," or " that all hands would instinctively rise up and say ' that is excessive, that is beyond judgment.' "

ON EXCEPTIONS.

An action on the case for assault and battery by a pupil against a school-master.

*Crosby and Crosby*, for the plaintiff, cited : *Com.* v. *Randall*, 4 Gray, 36 ; 1 Hawk. c. 60, § 23 ; 1 Russell, Crimes, (7 Am. ed.) 755 ; Bac. Abr. "Assault and battery"; *Hathaway* v. *Rice*, 19 Vt. 102 ; *Lander* v. *Seaver*, 32 Vt. 114 ; *Danenhoffer* v. *State*, 35 Am. Rep. 216 (69 Ind.) ; *Elkins* v. *B. & A. R. R. Co.* 115 Mass. 190 ; *Lynch* v. *Smith*, 104 Mass. 52 ; *Brown* v. *E. & N. A. R'y Co.* 58 Maine, 384 ; *W. & G. T. R. R. Co.* v. *Gladmon*, 15 Wall. 401 ; *Nourse* v. *Parker*, 138 Mass. 307.

*Morrill Sprague* and *John Varney*, for defendant.

The teacher can inflict corporal punishment, and when in his judgment this remedy is inadequate, he can suspend. He alone is to judge which remedy to adopt. *State* v. *Burton*, 45 Wis. 150 ; S. C. 30 Am. Report, 709.

"Within the sphere of his authority, the master is the judge when correction is required." *State* v. *Pendergrass*, 2 Deavereux & Battle, 365 (N. C.) ; S. C. 31 Amr. Dec. 416.

Courts are very cautious about interfering with the honest exercise of the discretionary powers of school officers. *Hodgkins* v. *Rockport*, 105 Mass. 475.

The presumption of law is that the degree of punishment is in accordance with the exercise of an honest judgment, and that the punishment is without malice and not excessive. *Anderson* v. *State*, 3 Head. 445 (Tenn.) ; *Lander* v. *Seaver*, 32 Vt. 114 ; *State* v. *Mizner*, 50 Iowa, 152.

The teacher is liable only when the punishment is of a nature to cause a permanent injury to the body or health, or that it was inflicted through malicious motives. This rule was announced in *State* v. *Pendergrass*, before cited, and has been approved in the following cases : *State* v. *Burton*, *supra* ; *State* v. *Stalcap*, 2 Iredel, 50 ; *State* v. *Black*, Winst. 266 ; *State* v. *Rhodes*, Phil. 453 ; *State* v. *Alfred*, 68 N. C. 322 ; *Com.* v. *Seed*, 5 Pa. L. J. 78 ; Reeves on Doms. Relations, 228.

The punishment should not be of a nature to cause permanent injury, or be inflicted through malice, and the teacher should exercise reasonable judgment and discretion, and not use unreasonable and disproportionate violence or force, either in mode or degree of correction, considering the nature of the offence, the age, sex and power of endurance of the offender. This rule was announced in *Com.* v. *Randall*, 4 Gray, 36, and approved in *Lander* v. *Seaver*, 32 Vt. 114 ; *Anderson* v. *State*, *supra* ; *State* v. *Mizner*, *supra* ; *Cooper* v. *McJunkin*, 4 Ind. 291 ; *Danenhoffer* v. *State*, 69 Ind. 295.

In *Hathaway* v. *Rice*, 19 Vt. 102 ; again, *Lander* v. *Seavey*, 32 Vt. 114, a civil action for damages where a boy was punished for calling his teacher names outside the school, the court say, " A school-master has the right to inflict reasonable corporal punishment."

The right to punish being a legal right, the inflicting of punishment a legal act, no action can be maintained for injuries from a casualty purely accidental arising therefrom. *Brown* v. *Kendall*, 6 Cush. 292.

A teacher has the right to use sufficient force to compel obedience to his authority and lawful commands, rules and regulations. If he is not capable of compelling obedience himself, he has right to call others to his assistance. *Stevens* v. *Fassett*, 27 Maine, 266.

EMERY, J. Free political institutions are possible only where the great body of the people are moral, intelligent, and habituated to self-control, and to obedience to lawful authority. The permanency of such institutions depends largely upon the efficient instruction and training of children in these virtues. It is to secure this permanency that the state provides schools and teachers. School teachers, therefore, have important duties and functions. Much depends upon their ability, skill and faithfulness. They must train, as well as instruct their pupils. R. S., c. 11, § 97. The acquiring of learning is not the only object of our public schools. To become good citizens, children must be taught self-restraint, obedience, and other civic virtues.

To accomplish these desirable ends, the master of a school is necessarily invested with much discretionary power. He is placed in charge some times of large numbers of children, perhaps of both sexes, of various ages, temperaments, dispositions, and of various degrees of docility and intelligence. He must govern these pupils, quicken the slothful, spur the indolent, restrain the impetuous, and control the stubborn. He must make rules, give commands, and punish disobedience. What rules, what commands, and what punishments shall be imposed, are necessarily largely within the discretion of the master, where none are defined by the school board. In *State* v. *Pendergrass*, 2 D. & B. (N. C.) 365, (S. C. 31 Am. Dec. 416), it was said: "One of the most sacred duties of parents is to train up and qualify their children for becoming useful and virtuous members of society; this duty can not be effectually performed without the ability to command obedience, to control stubbornness, to quicken diligence and to reform bad habits; and to enable him to exercise this salutary sway, he is armed with the power to administer moderate correction, when he shall believe it to be just and necessary. The teacher is the substitute of the parent; is charged in part with the performance of his duties, and in the exercise of these delegated duties, is invested with his power. The law has not undertaken to prescribe stated punishments for particular offences, (by a pupil) but has contented itself with the general grant of the power of moderate correction, and has

confided the graduation of punishments, within the limits of this grant, to the discretion of the teacher."

This power of moderate correction unquestionably includes corporal punishment. Authorities are not needed for this proposition. The subject was incidentally considered in *Stevens* v. *Fassett*, 27 Maine, 296, and it was declared by this court, through Judge SHEPLEY, that personal chastisement was lawful in our schools, and was properly resorted to where milder means of restraint were unavailing. Indeed, the plaintiff's counsel does not question that personal chastisement has been the practice, and has often been declared to be lawful. He eloquently urges, however, that corporal punishment is a "relic of barbarism," that it has been abolished in the army and navy, and has been forbidden in many schools by school boards. He urges that the greater humanity and tenderness of this age should not tolerate it in any schools, and that the courts of this day should not recognize it as a proper mode of school punishment. Whatever force this argument might have with legislatures or school boards, it should not move the court from the well established doctrine.

The extent of the school-master's discretion in the exercise of this power of personal chastisement, is the only question here; and upon this question we think the law is well and correctly stated in *Lander* v. *Seaver*, 32 Vt. 114, as follows: "A school-master has the right to inflict reasonable corporal punishment. He must exercise reasonable judgment and discretion, in determining when to punish and to what extent. In determining what is a reasonable punishment, various considerations must be regarded, the nature of the offence, the apparent motive and disposition of the offender, the influence of his example and conduct upon others, and the sex, age, size and strength of the pupil to be punished. Among reasonable persons much difference prevails as to the circumstances which will justify the infliction of punishment, and the extent to which it may properly be administered. On account of this difference of opinion and the difficulty which exists in determining what is a reasonable punishment, and the advantage which the master has, by being

on the spot, to know all the circumstances, the manner, look, tone, gestures and language of the offender, (which are not always easily described) and thus to form a correct opinion as to the necessity and extent of the punishment, considerable allowance should be made to the teacher by the way of protecting him in the exercise of his discretion. Especially should he have this indulgence when he appears to have acted from good motives and not from anger or malice. Hence the teacher is not to be held liable on the ground of the excess of punishment, unless the punishment is clearly excessive, and would be held so in the general judgment of reasonable men. If the punishment be thus clearly excessive, then the master would be liable for such excess, though he acted from good motives in inflicting the punishment, and in his own judgment considered it necessary and not excessive; but if there be any reasonable doubt whether the punishment was excessive, the master should have the benefit of the doubt." The foregoing statement of the law is well supported by the authorities cited in the notes to that case, in 76 Am. Dec. 163.

Now comparing the judge's rulings in this case with the above clear exposition of the law, it will be seen that in one respect at least, there was error. It is true the master should not be held to have exceeded his discretion and thus become liable as a trespasser, unless the punishment is clearly excessive; but the judge ruled that the punishment must be so clearly excessive " that all hands would at once say it was excessive," and again in another place, that the punishment must be so great that " all hands would instinctively rise up and say, ' that is excessive, that is beyond judgment.' " The true criterion as expressed in *Lander v. Seaver, supra,* is " the general judgment of reasonable men." Reasonable men are those who think and reason intelligently. Their general judgment is the common result of their reflection and reasoning. The correct rule holds the teacher liable if he inflicts a punishment which the general judgment of such men, after thought and reflection, would call clearly excessive. The

rule given at the trial of this case, however, would permit a teacher to proceed in severity of punishment until it became so great as to excite the instant condemnation of all men, the stupid and ignorant as well as the rational and intelligent. Such a ruling is clearly wrong and there should be a new trial.

It is not necessary to consider the other exceptions in detail. They are mostly covered by the general propositions above laid down. We have stated these propositions at some length in view of their importance to school officers, teachers and pupils.

*Exceptions sustained. New trial granted.*

PETERS, C. J., WALTON, DANFORTH, FOSTER and HASKELL, JJ., concurred.