## PROSECUTION OF A TEACHER FOR WHIPPING A PUPIL.

Common Pleas Court of Muskingum County.

### RILEY MARTIN v. STATE OF OHIO.

Decided, December, 1910.

*Torture—What the Affidavit Charging This Offense Must Allege—Malice, Actual or Implied—State of the Law in Ohio as to the Punishment of Pupils by Teachers—Section 6984a, Revised Statutes.*

1. In a prosecution for torture, the offense is insufficiently described by an affidavit charging unlawful, willful or cruel torture, even though aided by the words by "beating and striking said person with a stick."
2. Before a school teacher can be convicted under the law of Ohio of torture in the punishment of a pupil, the state must show that the punishment administered was immoderate and excessive, and the teacher was actuated by malice express or implied, and the punishment must have been of such a nature as to produce or threaten to produce lasting or permanent injury; and testimony to the effect that the teacher had been reasonably patient with the pupil and had talked with him and reasoned and temporized with him when the same offense had been committed on former occasions, and the punishment was with a stick on the legs and all evidence of it disappeared within a few days, is not sufficient to support a conviction of torture.

*E. F. O'Neal*, for plaintiff.
*C. T. Marshall*, contra.

FRAZIER, J.

This is a proceeding in error to reverse the judgment of the court below.

Riley Martin, the plaintiff in error, was tried before Green, justice of the peace, on a charge purporting to be drawn under favor of Section 6984a which provides:

"Whoever tortures, torments, cruelly or unlawfully punishes * * * any person, or whoever, having the control of any child under the age of 16 years * * * tortures, torments, or cruelly punishes such child, shall be fined not more than $200 and not less than $10."

Martin, the plaintiff in error, was adjudged guilty and sentenced to pay a fine.

The affidavit in the court below charges that on or about the 8th day of February, 1910, one Riley Martin did unlawfully, willfully and cruelly torture a certain person, Maurice K. Search, by beating and striking said person with a stick.

Plaintiff in error filed his petition in error in this court, with a bill of exceptions, and alleges that there was error in the proceedings in the court below, in this, to-wit:

1. That the affidavit did not charge any offense under said statute.

2. That there was no proof that the offense was committed in this county.

3. That certain evidence offered by plaintiff in error was erroneously excluded.

4. That there was error in overruling the motion for a new trial.

5. That the judgment of the court was contrary to law and not supported by the evidence.

Taking up the first proposition. Does the affidavit charge any offense? It is contended, on the part of counsel for defendant in error, that, inasmuch as the affidavit contained the words of the statute, to-wit, "torture," that in and of itself was a sufficient description of the offense. It is not, however, always sufficient, in describing an offense, to employ the words of the statute. Mr. Bishop, in his work on Statutory Crimes, Section 1100, says:

"If it appears that torture is the cruelty inflicted, it is not sufficient to simply employ the word 'torture' in the indictment, but the means by which the suffering was inflicted must be averred, and they must be such as will enable the court to see that they resulted in torture as forbidden by the statute."

Again at Section 447, he says:

"Where the statutory word torture is used, the indictment must go beyond the word and aver such specific acts as would show the offense to be within the inhibition."

Again at Section 1113, he says:

"If the statutory word relied on is 'torture' an indictment in this naked form will not do, but the particulars must be set out."

Certain particulars are set out in this affidavit, to-wit, "beating and striking said person with a stick." It can not be said that these particulars charge or imply torture.

In the case of *State* v. *Bruner*, 12 N. E., 103, it is said that the method of torture must be alleged and the effect produced must be stated.

In the case of *State* v. *Watkins*, 8 S. E., 346, it is said that, in charging the crime of torture, the particulars must be set forth, and they must be such as will enable the court to see that they amounted to torture.

The same doctrine is stated in *State* v. *Gould*, 26 W. Va., 258.

These cases were decided since Mr. Bishop wrote his work on statutory crimes, and abundantly support the text of his work in this regard.

For these reasons, I am of the opinion that the affidavit does not charge any offense under the statute, nor is this statute aided by Section 3721, which defines, with reference to animals, the words "torture," "torment" and "cruelty" in these words:

"To include every act, omission or neglect whereby unnecessary or unjustifiable pain or suffering is caused, permitted, or allowed to continue."

The charge made in this affidavit nowhere describes the effect produced by the striking or beating, or that it caused unjustifiable pain or suffering. To bring the case, therefore, within this definition, some averment must be contained in the indictment, expressing the effect produced.

Numbers 2, 3 and 4 of the assignments in error I think are not well taken. There was, in my opinion, evidence offered to prove that the alleged offense occurred in Muskingum county, and there was no error in the exclusion of evidence offered, for the reason that, while plaintiff in error had the right to offer evidence of his trait of character involved in the charge, he had no right to offer evidence of his general good reputation, or his reputation as a school teacher, and I think that the newly-discovered evidence does not fall within the category of newly-discovered evidence, for the reason that it would be merely cumulative.

From what has already been said, it is apparent that the judgment of the court beow must be reversed, but inasmuch as the case may be tried again, it may be well to notice assignment 5, viz., that the judgment below was contrary to law and not supported by the evidence.

Whether or not the judgment is contrary to law and not supported by the evidence will depend on what the law is in reference to such cases. The evidence produced on behalf of the state, as set forth in the bill of exceptions, shows that the prosecuting witness was a pupil at the Bell school, in Springfield township, Muskingum county, where plaintiff in error was teacher; that the plaintiff in error inflicted corporal punishment on the prosecuting witness, Maurice Search, for an alleged infraction of a rule of the teacher regarding snow-balling in the school yard. The boy himself admitted that he had violated the rule, and the record shows that the punishment was inflicted for this infraction of the rule. The whipping was with a stick, and there is some dispute as the exact length of the stick, but it was probably somewhere about five feet long; and was a cherry sprout, probably about a half-inch in diameter at the point where it was cut off of the stump, and tapering gradually to the top. The blows were inflicted on the boy's legs. It is in dispute as to how many blows there were, but the boy's legs were marked and bruised by the whipping and in one place the skin was slightly broken so that blood flowed therefrom. This spot, however, where the abrasion took place, healed over in some two or three days and all the marks disappeared in some two or three weeks. Undoubtedly the whipping was one of severity, especially on a lad of thirteen years.

While all authorities agree that a school teacher may inflict corporal punishment, they differ in this: one line of authorities holds that the punishment should be proportioned to the offense, and holds that the teacher is liable civilly and criminally for excessive and immoderate punishment, regardless of his motives, and regardless of all questions of malice. The cases holding to this doctrine are the following: *Lander* v. *Seavers* (Vt.), 76 Am. Dec., 156; *Anderson* v. *State* (Tenn.), 75 Am.

Dec., 774; *Sheenan* v. *Sturgis* (Ct.), 2 Atlantic, 841; *Van Actor* v. *State* (Ind.), 15 N. E., 341; *Patterson* v. *Nutter* (Mass.), 7 Atl., 273; *Commonwealth* v. *Randall* (Mass.), 4 Gray.

The other line of decisions holds that the teacher acts in a *quasi* judicial capacity and is not liable for an error of judgment in the matter of punishment, although the punishment is unnecessarily excessive, and if the punishment is not of such a nature as to cause or threaten lasting injury, and the teacher is not actuated by malice, but acts from good motives, he is not liable either civilly or criminally.

*Boyd* v. *State* (Ala.), 7 South, 269; *Fox* v. *People of Ills.*, 84 Ills. App., 470; *State* v. *Pendegrass* (N. C.), 31 Am. Dec., 416; *State* v. *Alford* (N. C.), 68 N. C., 322; *State* v. *Burton* (Wis.), 76 Am. Dec., 156.

And the following law writers: *First Blackstone*, 507-556; *Reeves' Domestic Relations*, 357; *Wharton Crim. Law*, 9th Ed., 632; *Bishop Crim. Law*, 7th Ed., 882.

So far as my knowledge goes, the courts of Ohio have adhered to the latter rule, or at any rate to a modified rule, viz., that the state must show that the punishment was immoderate and excessive and that express malice (*i. e.*, spite, hatred, or revenge) or implied malice (*i. e.*, a wrongful act wantonly done without just cause or excuse) must appear; that mere excessive punishment on the part of the teacher does not constitute a crime unless it is of such a nature as to produce or threaten lasting or permanent injury; that malice, either express or implied, must be shown, and beyond a reasonable doubt.

It must be confessed that this rule is harsh and that the rule laid down in the first line of cases is the more humane and more in consonance with the spirit of our times.

I do not find from an examination of the record, that there is disclosed on the part of the teacher any actual ill will, hatred, or revenge in the administration of this punishment. The teacher had been reasonably patient with the lad; he had talked with him, and had reasoned and temporized with him on former occasions. It is urged on the part of the defendant in error that these things militate against the teacher and show implied malice.

It seems to me to show the contrary. It is held, in the case of *Sheenan* v. *Sturgis; supra,* that the teacher has the right to introduce evidence to show former misconduct on the part of the pupil. If that be the law, then it can not be said that implied malice arises from former acts of reproof or punishment on the part of the teacher.

While it is not necessary that I should express any opinion as to whether it was shown beyond a reasonable doubt that there was implied malice on the part of the teacher in the administration of the punishment, I think it is a very doubtful proposition whether this record discloses that any malice, either actual or implied, existed at the time the punishment was inflicted.

The judgment of the court below will be reversed for the reason that the affidavit charges no crime. Costs adjudged against the defendant in error.