## TERRITORY *v.* I. M. COX.

## No. 1116.

### APPEAL FROM DISTRICT MAGISTRATE OF HONOLULU.

SUBMITTED OCTOBER 7, 1918.                    DECIDED OCTOBER 16, 1918.

### COKE, C. J., KEMP AND EDINGS, JJ.

SCHOOLS AND SCHOOL DISTRICTS—*teachers—corporal punishment.*
    A school teacher has the right to inflict reasonable corporal punishment upon his pupil for such misbehavior as has a direct and immediate tendency to injure the school or to subvert the master's authority but in so doing the master must exercise sound discretion and judgment and adapt the punishment to the nature of the offense and the character of the pupil.

SAME—*same—same.*
    The law, however, does not license the teacher to inflict corporal punishment at will, but, in the words of section 270 R. L. 1915, which is substantially the common law rule, the punishment must be necessary and reasonable.

SAME—*same—same—malice.*
    It is not necessary for the prosecution to prove malice on the part of the teacher where the punishment inflicted is clearly unnecessary or unreasonable but such malice will be inferred from the fact that unnecessary or unreasonable punishment was inflicted.

SAME—*same—same—same.*
    The teacher is not liable to criminal prosecution for assault where the punishment is not clearly unreasonable unless it appears that he bore malice against the pupil and whipped the latter to gratify his malice, ill will or grudge or for the purpose of being revenged on him.

### OPINION OF THE COURT BY KEMP, J.

The defendant, I. M. Cox, having been convicted in the district court of the City and County of Honolulu of having committed an assault upon one William Furtado, appealed to this court upon points of law.

It appears from the record before us that the defendant was at the time of the alleged assault principal of the Kalihi-waena school in Honolulu and that William Furtado was a pupil attending said school. A chastisement of William by the defendant for repeated misbehavior and disobedience was admitted and as we view the case as presented to us on appeal the defendant's contention is that there was not a scintilla of evidence tending to prove the commission of the offense charged in that it affirmatively appeared that the defendant acted in a kindly manner and for the best interests of his pupil and only to the extent necessary to maintain the discipline of the school, and that no malice was shown or any facts from which malice could be implied.

There are practically no adjudicated cases in this jurisdiction dealing with the questions here involved but fortunately the courts of many of the states have discussed fully the principles by which we are to be guided. An examination of these authorities as well as the text books and our statutes will enable us to ascertain the true rule by which the act of a schoolmaster is to be judged in a case of this nature.

Section 270 R. L. of Hawaii 1915 is to the effect that any teacher shall have power to administer necessary and reasonable punishment upon any pupil while in attendance at school and shall not in any way be held responsible therefor.

The teacher is responsible for the discipline of his school, and for the progress, conduct and deportment of his pupils. It is his imperative duty to maintain good order and to require of his pupils a faithful performance of their duties. If he fails to do so he is derelict in his duty. To enable him to discharge these duties effectually he must necessarily have the power to enforce prompt obedience to his lawful commands. For this reason the

law gives him authority in proper cases to inflict corporal punishment upon refractory pupils.

The law, however, does not license the teacher to inflict corporal punishment at will but, in the words of our statute, which is substantially the common law rule, the punishment must be necessary and reasonable. Some authority considers a teacher *in loco parentis* and as exercising judicial functions whenever called upon to determine the gravity of an offense, and the character of the punishment that it merits. We have no hesitancy in disagreeing with the proposition that in such cases the teacher exercises judicial functions, and the other proposition that he is *in loco parentis* to his pupil we think is true only in a limited sense. The parent unquestionably is given a greater discretion in the punishment of his child than is the teacher in the punishment of his pupil. This greater, and to some extent irresponsible, power of control and correction is invested in the parent by nature and necessity. It springs from the natural relation of parent and child. It is felt rather as a duty than as a power. From the intimacy and nature of the relation and the necessary character of family government the law suffers less intrusion upon the authority of the parent, and the privacy of domestic life, than it does upon the authority of the teacher over his pupil. This parental power is little liable to abuse, for it is continually restrained by natural affection, the tenderness which the parent feels for his offspring, an affection ever on the alert and acting rather by instinct than reasoning. The schoolmaster has no such natural restraint. Hence he may not safely be trusted with all a parent's authority, for he does not act from the instinct of parental affection. He should be guided and restrained by judgment and wise discretion and is therefore held responsible for their reasonable exercise (*Lander* v. *Seaver*, 32 Vt. 114). Blackstone, the great expounder

of English common law, said that the schoolmaster is *in loco parentis,* and has such a portion of the powers of the parent committed to his charge as may be necessary to answer the purpose for which he is employed.    But an English annotator in a note to the passage very properly adds: "This power must be temperately exercised, and no schoolmaster should feel himself at liberty to administer chastisement coextensive with the parent."    The trend of modern decisions, with a few exceptions, is to curtail rather than to enlarge the power of the master over the pupil, the courts all recognizing that every child has rights which ought to be protected against the brutality of a cruel teacher, but at the same time upholding the equally well established principle that the teacher's power of correction in the school must not be paralyzed and discipline thereby destroyed.    We think therefore that the cases involving the right of the parent to chastise his child, while instructive, are not entitled to the decisive weight contended for by the defendant.

We have no doubt as to the correctness of the proposition that there is a greater limitation upon the rights of a teacher to inflict corporal punishment upon his pupil than upon the parent to punish his child, but we apprehend that it would be quite difficult to point out in a short general statement just the extent of that difference, and we see no occasion for our attempting to do so in this case.

It is also asserted by some very respectable authority, and contended by defendant in this case, that the schoolmaster is liable to prosecution only when he acts *malo animo,* from vindictive feelings, or under the violent impulses of passion or malevolence, or when he inflicts permanent injury upon his pupil, and that he is not liable for errors of opinion or mistake of judgment, provided he is governed by an honest purpose of heart to promote,

by the discipline employed, the highest welfare of the school and the best interest of the pupil.

We find ourselves unable to approve this extreme view. The principle contended for has been repudiated by many of our courts. From the reported cases we glean the following principles: The schoolmaster has the right to inflict reasonable corporal punishment upon his pupil for such misbehavior as has a direct and immediate tendency to injure the school or to subvert the master's authority, but in so doing the master must exercise sound discretion and judgment and adapt the punishment to the nature of the offense and the character of the pupil. If the punishment is clearly excessive in the general judgment of reasonable men it exceeds the lawful limit and it may exceed the lawful limit even though it is not so excessive as to excite the instant condemnation of all men. It is not necessary for the prosecution to prove malice on the part of the teacher in the punishment of his pupil where the punishment inflicted is clearly unnecessary or unreasonable but such malice will be inferred from the fact that unnecessary or unreasonable punishment was inflicted. On the other hand, if the punishment is not clearly unreasonable the teacher is not liable unless it appears that he bore malice against the pupil and whipped the latter to gratify his malice, ill will or grudge or for the purpose of being revenged on him. 35 Cyc. 1139; *State* v. *Pendergrass,* 19 N. C. 365; *Commonwealth* v. *Randall,* 4 Gray (Mass.) 36; *Whitley* v. *State,* 25 S. W. 1072; *Lander* v. *Seaver, supra; Sheehan* v. *Sturges,* 2 Atl. 841; *Patterson* v. *Nutter,* 7 Atl. 273; *State* v. *Thornton,* 136 N. C. 610, 48 S. E. 602.

Applying these principles to the case at bar we fail to see on what evidence the magistrate based his finding of guilt. It appears that for repeated acts of disobedience and misbehavior the teacher administered not more than

fifteen lashes with a small leather strap across the back and legs of his pupil (a boy whose age and size are not disclosed by the record) ; that he talked kindly to the boy before and after and during the time the punishment was being inflicted and was careful to avoid striking him on the buttocks where the boy at the time had a boil. There is not one syllable of evidence in the record as to how hard the blows were unless it be said that temporary marks which were left on the boy's back indicate the force with which they were struck. The boy does not even testify that he suffered temporary pain from the flogging and the only evidence there is of such pain are the marks on his body which endured for a few days only.

It necessarily follows from the teacher's right to inflict corporal punishment in a proper case that he has the right in such case to cause his pupil a reasonable amount of temporary pain and the mere fact that marks and no doubt some temporary pain resulted from the thrashing administered without any other evidence from which malice could be implied does not justify a conviction of the teacher upon a charge of assault.

We think that there is not sufficient evidence in this case to justify the conviction.

The judgment of the district court is reversed and the cause remanded.

*A. M. Brown*, City and County Attorney, for the Territory.

*P. L. Weaver* for defendant.