STATE of Maine

v.

Scott L. DURGIN.

Supreme Judicial Court of Maine.

Nov. 2, 1973.

Chadbourn H. Smith, John R. Atwood, Asst. Attys. Gen., Augusta, for plaintiff.

Edward G. Hudon, Brunswick, Lloyd P. LaFountain, Biddeford, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

POMEROY, Justice.

A York County jury properly constituted, has evaluated the evidence presented to it and has pronounced as legal fact that Scott Durgin, the appellant herein, did take the life of Carl L. Welch under such circumstances as to constitute unlawful homicide, punishable as murder.

That the trial was error free, at least up to the point of the Court's instructions, is best evidenced by the fact that competent counsel for the appellant makes no claim of error.

In addition to a plea of not guilty, appellant Durgin entered a plea of not guilty by reason of mental disease and defect as the law permits him to do. 15 M.R.S.A. § 101 et seq.

Following the jury's verdict, "guilty as charged," a judgment was entered which had the legal effect of declaring the appellant guilty of unlawful homicide, punishable as murder and a sentence of life imprisonment within the Maine State Prison was imposed.

This appeal followed.

While no objection was entered to any part of the presiding Justice's instructions to the jury at the time of the trial, the appellant now poses two questions:

1. Was the Jury properly instructed on the issue presented by the Defendant's plea that he was not guilty because he suffered from a mental disease and defect?

2. As it was applied in this case, is the so-called Durham Rule the proper test with which to determine whether a person is afflicted by a mental disease or defect?

We deny the appeal.

■ While the appellant is barred by a rule we recently described as one which embodies "a strong policy, necessary for the sound and efficient administration of justice," [1] M.R.Crim.P. Rule 30(b) from pressing his claim that the instructions given were erroneous, we have carefully reviewed the charge to determine that there was no error in law highly prejudicial and well calculated to result in injustice. State v. Smith, 140 Me. 255, 285, 37 A.2d 246, 259 (1944).

■ We have determined that the instructions given to the jury by the presiding Justice were remarkably clear, complete and accurate. Far from reflecting a misconception of the law as it relates to the affirmative defense of "not guilty by reason of mental disease or defect," the charge could properly be used as a model.

Public Laws 1963, c. 311, sec. 3, which is now 15 M.R.S.A. § 102, declared as the law of Maine:

"An accused is not criminally responsible if his unlawful act was the product of mental disease or mental defect. The terms 'mental disease' or 'mental defect' do not include an abnormality manifested only by repeated criminal conduct or excessive use of drugs . . . ."

■ Thus, the so-called "M'Naughton Rule," which had been assented to as the law of Maine in State v. Lawrence, 57 Me. 574 (1870), was discarded and the so-called "Durham Rule," with modifications, was established in its place by legislative fiat.

In Durham v. United States, 94 U.S. App.D.C. 228, 214 F.2d 862 (1954), from which our statute was derived, the Court was *by inherent judicial authority* formulating a test.

In dealing with the problem since 1961 our Court has *construed and interpreted an Act of the Legislature.* State v. Hathaway, 161 Me. 255, 211 A.2d 558 (1965).

In *Hathaway,* supra, we interpreted our statute consistently with the decision of the Circuit Court for the District of Columbia

1. Wescott v. Vickerson, Me., 284 A.2d 902, 904 (1971).

in McDonald v. United States, 114 U.S. AppD.C. 120, 312 F.2d 847 (1962), which decision re-examined and implemented *Durham,* supra.

*Hathaway* established the requirement that the jury must be informed that "they could and must decide whether upon all the evidence the defendant had proved by a preponderance that at the occurrence of the fatal event the defendant's mental or emotional processes were substantially affected and his behavior controls were substantially impaired."

Washington v. United States, 129 U.S. App.D.C. 29, 390 F.2d 444 (1967), is of interest to us, not because it in any way modified the rule of law established by *Durham,* but rather because it crystallized the areas of responsibility assigned to the jury and those assigned to the expert psychiatrists.

The rule of law established by *Washington* was merely that the Court should not permit testimony from psychiatrists in terms of "product." Even though the decision in *Durham* had used that term, this was so, the *Washington* Court said, because the question whether conduct was the "product" of a mental disease or defect was an *ultimate fact to be decided by the jury.*

■ The teaching of *Washington,* supra, is that whether or not there is legal responsibility for conduct prohibited by our criminal statutes is a question of fact which the jury must determine from all the evidence in the case.

■ Stated succinctly, it is clear:

(a) The Legislature has made the moral judgment that the accused is not responsible if the unlawful act was the product of a mental disease or defect.

(b) This Court has interpreted the phrase to mean that if the jury is satisfied by a fair preponderance of the evidence that but for a mental disease or mental defect which substantially affected his mental or emotional processes and which substantially impaired his behavior controls, the accused would not have committed the acts complained of, he is not criminally responsible.

(c) Expert testimony may be utilized to describe the mental and emotional condition of the accused at the time the conduct complained of was committed, except that the expert should not give his opinion as to the cause of the conduct.

(d) That the jury should resolve the question of fact whether or not the accused has established by a fair preponderance of the evidence that he was suffering from a mental disease or mental defect which substantially impaired his mental or emotional processes so that the conduct complained of was the product of such mental disease or defect.

Since the Legislature has seen fit to declare this rule absolving persons from criminal responsibility in the first instance, we think it is for the Legislature to change that rule if it deems it unworkable, unwise or improvidently ordained.[2]

In the instant case there was no serious trespass by the expert witnesses upon the responsibility of the jury.

The presiding Justice very clearly instructed the jury as to its responsibility.

The jury on the basis of sufficient competent evidence discharged its responsibility by deciding the appellant had not satisfied the burden which was his.

---

2. We do not intimate that we think the rule established by the Legislature is unworkable, unwise or improvidently ordained. We do not decide nor suggest that this

Court would lack the authority to change the rule and adopt another because it was the Legislature which discarded *M'Naughton* and adopted *Durham.*

We must assume the jury understood the instructions given it as to its responsibility.

 We cannot say from the evidence the findings of the jury were wrong.

The entry must be,

Appeal denied.

WEBBER, J., sat at argument but retired before this opinion was adopted.

All Justices concurring.