**STATE of Maine**

v.

**William Brown HUGHES.**

Supreme Judicial Court of Maine.

Sept. 4, 1975.

Henry N. Berry III, Dist. Atty., Peter G. Ballou, Annee H. Tara, Asst. Dist. Attys., Portland, for plaintiff.

Paul K. Stewart, Portland, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

ARCHIBALD, Justice.

A complaint was issued out of the District Court, District Nine, Division of Southern Cumberland, charging the defendant with non-aggravated assault and battery. 17 M.R.S.A. § 201. The case was transferred to the Superior Court where on July 10 and 11, 1974, a jury trial was had, resulting in a verdict of guilty. A judgment of guilt was then entered, the defendant was sentenced, and an appeal was seasonably filed.

We deny the appeal.

The pertinent record on appeal, as designated by appellant, consists of the instruction given the jury and the sentencing procedure.

■ Appellant now argues that it was obvious error cognizable on appeal under Rule 52(b), M.R.Crim.P., for the presiding Justice to fail to give the jury a protective instruction warning it expressly against prejudice because the defendant happened to be an elected public official.[1] Appellant's position is that the then widespread publicity arising from the so-called "Watergate" investigation would make all public officials suspect in the eyes of a jury.

The jury was instructed, without objection, not to "consider anything except what you have heard in this courtroom," to perform its duty "without bias or prejudice to any party," and "not [to] be governed by sympathy, prejudice or public opinion." These instructions were completely adequate and we can only assume the jury understood its responsibility and complied therewith. *State v. Durgin,* 311 A.2d 266 (Me.1973). There was no error.

Appellant contends in his second point on appeal that the sentence imposed was "directly contrary to public policy as recently expressed by legislative enactments dealing with intoxication and alcoholism, and should be set aside."

The sentence imposed was within the limits allowed by 17 M.R.S.A. § 201.

■ Since the Superior Court had jurisdiction to impose this particular sentence and since it was neither constitutionally excessive nor amounted to cruel or unusual punishment, it is not subject to appellate review. *Dow v. State,* 275 A.2d 815 (Me. 1971).

■ We have considered appellant's argument that the Legislature, in enacting the Uniform Alcoholism and Intoxication Treatment Act,[2] decriminalized all criminal conduct of "alcoholics and intoxicated persons." This contention implies legislative intent that the Act itself negates. *Assuming the constitutionality of the Act,*[3] provisions are therein made for the *treatment* of persons who appear to be "incapacitated by alcohol," namely, one who "as a result of the use of alcohol, is unconscious or has his judgment otherwise so impaired that he is incapable of realizing and making a rational decision with respect to his need for treatment." Section 1362(9). Section 1372 authorizes the police to take such persons into "protective custody" for the ultimate purpose of treatment for alcoholism. We can discern no language in this Act which even intimates, let alone expressly provides, that an officer may not arrest one found to be in violation of a criminal statute and who is also intoxicated. The only rational purpose for the enactment of this statute was to provide appropriate treatment for those falling within its terms. The Act contains no language justifying an inference that it was the legislative intent to exonerate from the penalties which flow from the commission of a crime those persons qualifying for treatment under the Act.

The entry is:

Appeal denied.

All Justices concurring.

1. Appellant was a Register of Probate, which is an elective office.

2. 22 M.R.S.A. §§ 1361–83.

3. *See Opinion of the Justices,* 339 A.2d 510 (Me.1975).