## STATE of Maine

v.

### Francis W. COOMBS.

Supreme Judicial Court of Maine.

Jan. 9, 1978.

Joseph H. Field (orally), Asst. Dist. Atty., Bath, for plaintiff.

Therriault & Golin by Roger R. Therriault, Bath (orally), for defendant.

Before POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

NICHOLS, Justice.

The Superior Court in a jury-waived trial found the Defendant guilty of assault and battery of a high and aggravated nature [1] committed February 28, 1976, upon a 21-month-old child. Thus that Court rejected the Defendant's pleas of not guilty and not guilty by reason of insanity.

The Defendant appeals from the judgment entered upon the guilty finding, assigning as errors the manner of authenticating certain photographs and the insufficiency of the evidence to support the Court's guilty finding.

We deny the appeal.

1. 17 M.R.S.A. § 201, repealed by P.L.1975, c. 499, eff. May 1, 1976. This statute was merely declarative of the common law. *State v. Deveau*, Me., 354 A.2d 389, 390 (1976).

█ Photographs depicting the injuries to the victim were offered in slide form.[2] For purposes of authentication the slides were projected onto a screen in view of the presiding justice. The Defendant does not now object to the fact that the photographs were admitted into evidence but only to the manner of authentication. In light of the admission of these photographs, no substantial right of the Defendant was affected thereby; therefore, no error can be predicated upon the manner of their authentication. Rule 103(a), M.R.Evid.; Rule 52(a), M.R.Crim.P.

█ As his second point on appeal the Defendant challenges the sufficiency of the evidence upon four grounds. He asserts: (1) there was insufficient evidence of intent; (2) there was insufficient evidence of the high and aggravated nature of the assault; (3) the evidence showed mental disease or defect; (4) he should have been accorded a parental privilege to discipline. Because this was a jury-waived trial, the Defendant was not required to move for a judgment of acquittal at the close of all the evidence in order to preserve these arguments for appeal. *State v. Morgan*, Me., 379 A.2d 728, 729–730 (1977).

█ The presiding justice was permitted to infer from the Defendant's acts that he had the requisite general intent to harm. *State v. Rand*, 156 Me. 81, 84, 161 A.2d 852, 854 (1960).

The evidence of harm to the child was sufficient to support a finding of an assault of a high and aggravated nature. *State v. Bowden*, Me., 342 A.2d 281, 287 (1975).

Contrary to the Defendant's assertion, the evidence does not establish mental disease or defect. His own expert witness acknowledged on cross-examination that the Defendant's condition was not a mental disease. With the evidence thus postured, it was not error for the presiding justice, sitting as trier of fact, to conclude that the Defendant had not met his burden of showing by a fair preponderance of the evidence that he suffered from mental disease or defect. 15 M.R.S.A. § 102[3]; *State v. Durgin*, Me., 311 A.2d 266, 268 (1973); *State v. Buzynski*, Me., 330 A.2d 422, 430 (1974).

█ Lastly, the Defendant claims that, by virtue of his living arrangement with the child's mother, he should be accorded *in loco parentis* status to discipline her child. Without reaching the question of his status, the answer to such a claim is that even a parent is subject to a rule of reason and moderation. Cf. Restatement (Second) of Torts § 147(2) (1965). The parent may be subject to the criminal law when his punishment of the child exceeds the bounds of reason and moderation. *State v. Bell*, Iowa, 223 N.W.2d 181, 184 (1974). Cf. *Patterson v. Nutter*, 78 Me. 509, 7 A. 273 (1886). See also 17–A M.R.S.A. § 106 (eff. May 1, 1976).

Much as we said in *State v. Bowden*, Me., 342 A.2d 281, 287 (1975), we can observe here:

> The extent of the force used and the age of the child were clearly sufficient circumstances to compel the conclusion that the blows the Appellant . . . struck constituted Assault and Battery of a high and aggravated nature.

There was no privilege here, parental or otherwise, to commit an aggravated assault and battery.

Our entry must be:

Appeal denied.

Judgment affirmed.

DELAHANTY, J., sat at argument and conference but did not otherwise participate.

POMEROY, WERNICK, ARCHIBALD and GODFREY, JJ., concurring.

---

2. The fact that neither party took any step to include these exhibits as a part of the record on appeal does not affect the result in the instant case. Counsel are cautioned, however, that when they wish exhibits to come up *in specie*, instead of being reproduced in the record on appeal, they should present an appropriate motion to the justice before whom the case was heard, pursuant to Rule 39(j), M.R.Crim.P.

3. Repealed by P.L.1975, c. 499, § 2, eff. May 1, 1976.